## LANGSTON v. DEGELIA.

### No. 13603.

Court of Civil Appeals of Texas. Dallas.
Feb. 23, 1945.

Bonney & Paxton and M. M. Wade, all of Dallas, for appellant.

Carter & Gallagher and Ben T. Warder, Jr., all of Dallas, for appellee.

BOND, Chief Justice.

This suit is for damages in behalf of Vincent Degelia, a minor under fifteen years of age, employed by Jack Langston, appellant, to work in and about a manufacturing plant, and while so engaged within the scope of his duties under his employment, he was exposed to hazards of dangerous machinery; and, because of his youth, immaturity annd inexperience to shield himself from such hazards, suffered loss of the end of one finger and injury to another by coming in contact with the saws, knives and sandpaper of an electric-driven planing machine. The appellant, at time of the minor's injury, was an employer of three or more employes in and about the manufacturing plant, but not a subscriber to the Workmen's Compensation Law.

The case was submitted to a jury, and, on findings, here related in narrative form, that plaintiff was under fifteen years of age at time of his injury; that the minor's employment and acting within the scope of his employment, was a proximate cause of his injury; and that defendant failed to furnish plaintiff a safe place in which to work, which failure was negligence and a proximate cause, the trial court entered judgment in favor of plaintiff, from which this appeal is prosecuted.

The appellant, being an employer of three or more employes, subject to the

provisions of the Workmen's Compensation Law, Art. 8306 et seq., Vernon's Ann. Civil Statutes, and not being a subscriber thereto as defined therein, the defenses of contributory negligence and the employe's assumption of the risk, were not available to him; hence, the trial court did not err in refusing to submit appellant's requested special issues relating to such defenses; nor did the court err in refusing to submit the issue as to whether appellant was guilty of negligence in employing the minor to work in and about the manufacturing plant.

Article 1573, Penal Code, as amended by Acts 1929, 41st Leg., p. 391, Ch. 180, Sec. 1, Vernon's Ann.P.C. art. 1573, prohibits the employment of a child "under the age of fifteen years to labor in or about any factory, mill, workshop," etc. The evidence conclusively shows that the minor was fourteen years of age and was employed to work in and about the manufacturing plant owned and operated by appellant. Thus the employment was in violation of the Penal Code. Appellee's evidence shows that he was employed to work and directed to operate a planing machine in appellant's workshop or manufacturing plant; that the appellant warned him of its dangers, and that, being inexperienced as to the hazards incident to the operation of the machine, his fingers, in some manner, were caught in the machine saws or knives, resulting in his injury. The appellant admits that the minor was employed to work in and about the plant, but gave evidence that he had directed the minor to stay away from the planing machine, cautioning him about the dangers incident thereto; that he was employed only to do chores in and about the plant, sweeping and cleaning sawdust and shavings from the floor, and not to operate the machine; that he was operating the machine at time of his injury without authority, knowledge or consent of appellant, and for purposes solely his own.

■■ The law recognizes that employment of a minor in violation of law is negligence; and, where the action falls within a showing of proper causal connection between the negligence and the injury, the employer is liable for resulting injury to the minor. The Penal Code, supra, was enacted to protect minors under fifteen years of age, recognizing that such minors have not an adult's faculty for appreciating danger in performance of their duties in and about factories, mills and workshops using dangerous machinery. The violation of the statute makes the employer liable for the minor's injuries by reason of employing him to work in and about his plant, using dangerous machinery, which is of the very character to expose the minor to hazards against which the law was intended to shield him. Thus it is immaterial that the child's contact with the dangerous machinery resulted from his interference with the machine outside his line of duty; the very reason for the statute being that children employed in or about premises where there is power-operated machinery will likely come in contact with it, although they have been warned to keep away and know of its dangerous character. 29 T.J., p. 84, Sec. 42a; Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Bridgeport Brick & Tile Co. v. Erwin, Tex.Civ.App., 241 S.W. 247, 249.

In this case, the employment of the minor constituting negligence as a matter of law, and there being no question but that his employment required or at least permitted his presence in proximity to the machinery in performance of his duties, it must be presumed that, because of his immaturity and childish disregard for commands and consequences, heedless and unobservant of danger, his employment was the proximate cause of his injury. It would be immaterial that the minor, at the time of his injury, was at work outside of his duty, as claimed by defendant, and that he would not have received the injury but for his unauthorized act in operating the dangerous machine. His employment in and about the plant is the gist of the offense.

■ The jury having found that the employment was a proximate cause, we think such finding is in harmony with the well-recognized rule "that a wrongful act may become a proximate cause if followed in a natural and legal sequence by the injury, and when such injury or a like injury may have been reasonably contemplated by the wrongdoer at the time of the performance of the wrongful act." Bridgeport Brick & Tile Co. v. Erwin, supra. The contemplation that injuries are liable to follow the employment of minors of immature age in factories, mills or workshops, and about dangerous machinery, is evidently the moving cause of

all legislative acts forbidding such employment.

■ Appellant further contends that the minor, at the time of his employment, represented his age to be above fifteen years, and that his employment was in good faith, based on the representation so made; and, on the evidence, the court erred in failing to submit the requested issue embodying the defense of such representation. We think ignorance in good faith of a child's age, or reliance upon representations that the child is over the age specified in the statute, will not absolve the employer from liability in case the child is in fact within the statute and was injured by reason of his employment. No estoppel arises from such representations. Braasch v. Michigan Stove Co., 153 Mich. 652, 118 N.W. 366, 20 L.R.A.,N.S., 500. Since the statute is aimed at the employer, it is no defense that the child, by accepting employment, aided and assisted in the offense by misrepresenting the fact of his true age. In an action of this kind the employment was open to the employer to show that the minor did not fall within the purview of the statute.

We have carefully reviewed all points of error raised in this appeal, and, finding no reversible error, the judgment of the court below is affirmed.

Affirmed.