## TIJERINA et al. v. BOTELLO.

### No. 9666.

Court of Civil Appeals of Texas. Austin.
Dec. 17, 1947.

Rehearing Denied Jan. 7, 1948.

Roy A. Scott, by Owen D. Cox, both of Corpus Christi, for appellant.

Leo N. Duran and Chas. G. Lyman, both of Corpus Christi, by L. Hamilton Lowe, of Austin, for appellee.

HUGHES, Justice.

This is a contest over the proceeds of certain life insurance policies. Petra Martinez, sometimes known as Petra M. Tijerina, deceased, was the insured. Tomas Tijerina, appellant, was the beneficiary named in the insurance policies. The insurance companies filed a stakeholder's suit, deposited the insurance money in the registry of the court, and have no interest in the outcome of this suit. The real adverse parties are the Administrator of the estate of Petra Martinez (Tijerina) and her heirs.

Trial was before the court, without a jury, and judgment was rendered for the Administrator for the recovery of the money involved.

The sole fact issue brought forward is the existence, vel non, of a common law marriage between appellant and the insured. without the existence of which appellant

would have no insurable interest in the life of insured.

The trial court found as a fact that the relationship of the deceased, Petra Martinez, with appellant was "simply and purely an illicit relationship." His conclusions of law were that no putative marriage and no common law marriage ever existed between the parties, and that appellant had no insurable interest in the life of the deceased.

Appellant complains of the trial court's failure to find and file the following requested additional findings of fact:

"1. During the latter part of the year 1937, Tomas Tijerina and Petra Martinez entered into an agreement to become husband and wife, and immediately commenced living together as husband and wife. At the time Tomas Tijerina and Petra Martinez commenced living together, Petra Martinez was not the wife, common law or otherwise, of any person, and was eligible to become the common law wife of Tomas Tijerina. At the time of such agreement and the commencing of their living together, Tomas Tijerina was separated from, but not divorced from Consuela Alanis Tijerina. Tomas Tijerina obtained a decree of divorce from Consuela Alanis Tijerina on December 5, 1938.

"2. After being divorced from Consuela Alanis Tijerina on December 5, 1938, Tomas Tijerina and Petra Martinez, continued to live together as husband and wife, purchasing a home in the name of Tomas Tijerina and wife, Petra Martinez Tijerina, living together therein and holding themselves out to the public as husband and wife continuously until September 18, 1944, at which time, Tomas Tijerina separated from Petra Martinez Tijerina and filed suit for divorce from her on September 22, 1944. Petra Martinez Tijerina died on March 2, 1945, before the divorce petition was heard and no divorce was granted to either Tomas Tijerina or Petra Martinez.

"3. Prior to the time Petra Martinez commenced living with Tomas Tijerina during the latter part of the year 1937, Petra Martinez lived with Ireneo Medina for several years, later leaving him and thereafter lived with Manuel Lozano and continued to live with Manuel Lozano until his death, but Petra Martinez never was legally married to either Medina or Manuel Lozano and never became the common law wife of either of them."

Also appellant contends that the finding made by the trial court is a conclusion of law and not a finding of fact.

 It is not proper or necessary for the trial court to make specific findings on every controverted fact. Ultimate and controlling issues only need be found by the trial court. Nor is a trial court required to make findings in conflict with an original finding. Plaza Co. v. White, Tex. Civ.App., 160 S.W.2d 312, Writ Ref. All of the requested findings are either evidentiary, not ultimate or controlling, or are in conflict with the finding made by the trial court, and no error was committed in refusing to make the requested findings.

The finding of the trial court that the relationship between appellant and the insured was illicit, under the pleadings and evidence in this cause, was tantamount to a negative finding upon some or all of the evidentiary issues material to the establishment of a common law marriage. It is an affirmative finding by the court that the parties did not cohabit as husband and wife and that no common law marriage had been established.

 We believe the finding of the trial court was sufficient and that it afforded a fact basis for the judgment rendered, particularly since there is a statement of facts in the record and we are in position to determine if the judgment is correct. Grant v. Pendley, Tex.Civ.App., 88 S.W.2d 132, Writ dismissed.

 Appellant has had a checkered married career. His first two wives died. He was divorced from his third wife. He claims a common law marriage with the insured (deceased) and he was married again at the time of this trial.

Petra Martinez (Tijerina), the insured, also had several affairs of the heart. While she was married to a man named Juan she went to live with the witness Ireno. They lived together from 1920 until 1932, during

which time they had five children. Juan died about 1926. Petra and Ireno were never divorced, so far as he knew. Petra, after 1932, lived with Manuel four or five years, and had one child by him. Manuel died. Petra then went to live with appellant in 1937.

In 1937 when appellant and Petra took one bed and roof as their own, marriage between them was legally impossible, for the reason that appellant had a living wife from whom he was not divorced until December 5, 1938.

Petra at the same time had five children by the witness Ireno, with whom she had lived for twelve years, six of which were after the death of her husband Juan.

Appellant testified that before and after he procured his divorce in December 1938, that he and Petra lived together as husband and wife and that they held each other out as such. A doctor testified that Petra had called him one time to come see her "husband." In 1941 a deed was executed in favor of appellant and his wife, "Petra Martinez Tijerina." Several neighbors and friends testified that appellant and Petra lived together as husband and wife, but they did not testify to any introductions as husband and wife.

As to any express agreement to become husband and wife, appellant was rather vague. For example he was asked to state the conversation upon this subject, and he answered: "I asked her if we would live together, and that's why we bought the property, so we could live together." And again, "I asked her to live with me as man and woman and she said 'Yes.' She said that she would like to get with me."

Petra and appellant have no living children of their relationship.

Consolidated Underwriters v. Kelly, Tex. Com.App., 15 S.W.2d 229, is cited by appellant. All that the court there held was that under the facts the trial court erred in taking the case from the jury. The facts there are so dissimilar from those here that no useful purpose would be served in reciting them. The question of law presented is also not the same. We are not called upon to decide if any evidence existed of a common law marriage, but only to determine if the evidence is sufficient to support the finding and judgment of the court that a common law marriage did not exist.

 The relationship between Petra and appellant having been illicit and criminal in its origin, there is no legal presumption of marriage. Nor did the isolated reference to appellant as her husband made by Petra to the doctor satisfy the law in establishing a common law marriage. Drummond v. Benson, Tex.Civ.App., 133 S.W.2d 154, Writ Ref.

For a somewhat similar case, see Robinson v. Casey, Tex.Civ.App., 272 S.W. 536, writ dismissed.

It is evident that neither Petra nor appellant had any regard for the solemnity or sanctity of marriage. They flagrantly violated the principles and concepts upon which it is based. To dignify the relationship disclosed by this record as marriage would be to stultify and vilify that holy institution.

The trial court's judgment, being amply supported by the evidence, is affirmed.

Affirmed.