922

## WADE et al. v. TAYLOR.
### No. 6018.

Court of Civil Appeals of Texas. Amarillo.
Dec. 19, 1949.

Merchant, Fitzjarrald & Pope, Amarillo, for appellants.

Cooper & Finney, Amarillo, for appellee.

PITTS, Chief Justice.

Orbra Wade, individually and as mother and next friend of Billy Nancy Wade, a minor child alleged to be fourteen years of age, filed suit against Edgar L. Taylor, d/b/a Taylor's Market, to recover damages in the sum of $3350 for personal injuries sustained by Billy Nancy Wade on or about October 23, 1948, while she was employed by Edgar L. Taylor. The case was tried to the court without a jury on July 8, 1949, and judgment was rendered for appellee, Edgar L. Taylor, from which judgment appellants have perfected their appeal.

Appellants sought in the trial court to convict appellee of negligence both as a matter of fact and as a matter of law, charging that his negligence, in any event, was the proximate cause of the injury received. The trial court exonerated appellee of negligence both as a matter of fact and as a matter of law and rendered a "take nothing" judgment. It is the duty of the reviewing court to affirm the trial court's judgment if such can be done on any reasonable theory supported by the findings of the trial court and authorized by law, provided there is evidence of probative force to support the trial court's findings, which were filed at the request of appellants.

On appeal appellants endeavor to show that appellee was guilty of negligence only as a matter of law, which they contend proximately caused the injury in question. In support of their position they seek to invoke the provisions of the Child Labor Law and rely particularly on the case of Langston v. Degelia, Tex.Civ.App., 186 S.W.2d 738, in support of their contentions. In that case a minor under fifteen years of age was employed to operate a planing machine in a planing mill or a manufacturing plant that consisted principally of the operation of machinery. According to the facts presented in that case such employment was directly in violation of the provisions of Article 1573, Vernon's Annotated Penal Code, as amended by acts of the 41st Legislature in 1929, which prohibits the employment of a child "under the age of fifteen years to labor in or about any factory, mill, workshop, laundry, or in messenger service in towns and cities of more than fifteen thousand population * * *." The child was injured while engaged within the scope of his duties under his employment in a planing mill. The Child Labor Law prohibits the employment of such a child in any such *mill* and we concur with the holding of the court in the Langston case to the effect that the child's employer had employed it in violation of said Article in the Penal Code and was therefore guilty of negligence as a matter of law which proximately caused the injury. The trial court had so held in that case and its judgment was affirmed.

But the holding of the trial court in the case at bar was to the contrary. It found that appellee operated a grocery store, carrying a regular line of groceries; that he operated in connection therewith a meat market and a cafe; that appellee had more than three employees and did not carry workmen's compensation; that Billy Nancy Wade was employed by appellee during the summer months of 1948 as a waitress in the cafe operated in the store where she worked until school started in September; that on or about October 21, 1948, Billy Nancy Wade was again employed by appellee to wait on customers in the meat department of the market and that she was told by the assistant manager who employed her that such would be her duties; that there was some machinery driven by electricity in the meat market, among which there was a meat grinder; that on October 23, 1948, without the knowledge or instructions of her employer or any one else, Billy Nancy Wade voluntarily engaged in grinding tallow in the meat grinder; that she cut the machine off by the use of a switch when she finished grinding the tallow and was wiping off the grinder when her finger slipped into a blade that was still rotating and the tip of her finger, including a small portion of the bone under the fingernail, was cut off; that the injury was painful for some time thereafter but the injured finger had healed and the injury would not produce any permanent disability or mar the appearance of the finger, though it was still painful to some degree under pressure; that the injury to Billy Nancy Wade was the result of an accident and not due to the negligence of appellee or any person acting for him; that no one in appellee's employment having any authority to direct Billy Nancy Wade's work knew she was operating the meat grinder until after she was injured; that the use of an electric meat grinder, electric meat slicer and an electric saw in the meat department where Billy Nancy Wade was employed to wait on customers was not negligence per se upon the part of appellee under the provisions of Article 1573 of the Penal Code and that it was not negligence for appellee to employ Billy

Nancy Wade to wait on customers in the meat department; that appellee paid all of Billy Nancy Wade's doctor bills, hospital expenses and medical bills incurred as a result of the said injury and continued paying her wages she would have earned working on week-ends except for the injury but that such payments would not compensate Billy Nancy Wade for the pain and suffering she endured as a result of the injury if appellee had been liable for such. By reason of such findings, the trial court concluded appellee was not liable to appellants for any damages.

■■ Appellants do not challenge any of the trial court's findings except for their contention that appellee had employed Billy Nancy Wade in violation of the provisions of Article 1573 of the Penal Code and he was therefore guilty of negligence as a matter of law which proximately caused the injury, especially inasmuch as appellee had not complied with the exemption laws in getting a permit from the county judge authorizing the child to work for him before employing her. Appellants take the position that the power driven electrical meat grinder operated by Billy Nancy Wade was as dangerous as the machinery operated by the boy in the planing mill in the case of Langston v. Degelia, supra, and that the nature of the business in which the machine is operated is immaterial since it must have been the intention of the Legislature in passing the Child Labor Law to protect children under the age of fifteen years from working about any kind of "dangerous machinery". In construing the provisions of Article 1573 of the Penal Code, appellants attempt to make the prohibitory clause broad enough to include the use of "dangerous machinery" in any kind of business. The Labor Law Act of the Legislature approved in 1911, Vernon's Annotated Penal Code of 1916, Arts. 1050-1050d, regulating the employment of children in factories, mills, mines, quarries, distilleries, breweries, etc., likewise included the phrase "or other establishment using dangerous machinery." But the Legislature, obviously realizing that prohibitory provisions of criminal law must be made specific and not subject to various constructions, omitted and left out the phrase "or other establishment using dangerous machinery" in a more recent codification and in the amended act of the Legislature in 1929. Such law as amended is found in Article 1573 of the Penal Code. The prohibitory part of the act now includes "any factory, mill, workshop, laundry, or messenger service" and nothing else, thus strongly implying that the phrase of "other dangerous machinery" was deliberately and intentionally left out of the Article in the approval of recodification. It is a well-settled rule of law in this state that Penal Statutes must be strictly construed and that the courts will not go outside of such statutes to speculate about matters not therein contained. On the contrary, courts will be governed by the provisions of any particular Penal Statute as it is expressed without adding anything thereto or taking anything away from it. It is our opinion that the Legislature in its recodification of the Penal Code and its amendment to Article 1573 thereof enacted in 1929 did not intend for the said Article to include a business establishment in the prohibitory clause such as appellee was operating and that the trial court properly so held.

■ Appellants further contend that the term "workshop" used in Article 1573, Penal Code, "is broad enough to include any type of employment not otherwise mentioned in the said Article" where children under fifteen years of age are working around dangerous machinery and particularly around the machinery in appellee's meat market. In the case of Hurley v. O'Brien, 192 Okl. 490, 137 P.2d 592, 595, the Supreme Court of the State of Oklahoma directly passed on the question here presented in construing a similar statute and held that the presence of an electric meat slicer and electric sausage grinder in a market did not transform the business from that of a retail meat market to a workshop where machinery is used. In so holding the court said: " 'We are of the opinion that in the instant case the fact that the petitioner operated an electric sausage grinder in the meat market did not render the entire store a workshop', since the rule so announced is consonant

with both reason and the facts. Reflection will demonstrate what we mean. A retail meat market is one for vending meats at retail. The purpose of the equipment therein is to better effectuate and carry out the businesss of retail vending of meats, and whether such equipment is operated by hand or an electric motor is immaterial; so far as the nature of the business is concerned it still continues to be a retail meat market and nothing more."

It is our opinion that the rule there enunciated and supported by numerous authorities is reasonable and should determine the question here presented.

Appellants charge that the trial court committed reversible error in its refusal to make an additional finding to the effect that the electrical machines used in appellee's meat market, and especially the meat grinder, was hazardous and dangerous machinery for children the age of Billy Nancy Wade to work around. In a case such as this a trial court is required to make findings upon proper application made therefor on ultimate, controlling and material issues only. It is not required to make findings on evidentiary matters as distinguished from controlling matters or on every controverted fact or on findings that are in conflict with its original findings. Tijerina v. Botello, Tex.Civ.App., 207 S.W. 2d 136; Plaza Co. v. White, Tex.Civ.App., 160 S.W.2d 312. In the case of Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, upon which appellants here rely in support of their charge, the Supreme Court held that the trial court was required to file only such findings as the record justifies and that a failure to file additional findings was reviewable but would not warrant a reversal of the trial court unless the record affirmatively shows prejudice in the matter. It is our opinion that the trial court's original findings covered the material and controlling issues raised. It had found that appellee was not guilty of negligence either in fact or as a matter of law. In their request for additional findings appellants were seeking to have the trial court make an additional finding that would have a tendency to conflict with the original findings already made. Such a matter is re-

viewable by this court but it is our opinion that reversible error has not been shown, if in fact any error has been shown.

A careful examination of the record reveals no reversible error. Appellants' points to the contrary are all overruled and the judgment of the trial court is affirmed.