**J. S. GROVES, Appellant,**

v.

**Erich N. ROSENTHAL, Appellee.**

No. 14199.

Court of Civil Appeals of Texas.

Houston.

Oct. 17, 1963.

Rehearing Denied Nov. 7, 1963.

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellant.

Ellis F. Morris, Houston, for appellee.

COLEMAN, Justice.

This is a suit for debt. The judgment of the trial court must be reversed because of the failure of the trial court to file findings of fact and conclusions of law in response to a timely request.

 Where findings of fact and conclusions of law have been filed by the trial court, and additional findings of fact are requested, the trial court must make findings on the points requested, if such points relate to elements of the ultimate and controlling issues in the case. Rule 298, Texas Rules of Civil Procedure; Grant v. Taylor, Tex.Civ. App., 339 S.W.2d 554; Tijerina v. Botello, Tex.Civ.App., 207 S.W.2d 136; Jinks. v. Jinks, Tex.Civ.App., 205 S.W.2d 816.

While the defendant did not plead payment or illegality, which are affirmative defenses, evidence was admitted without objection on both of these issues, and the evidence was conflicting in many respects. The issues were tried by consent under Rule 67, Texas Rules of Civil Procedure; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562; Thomas v. Linder, Tex.Civ.App., 231 S.W.2d 891, writ ref.

The failure of the trial court to make findings of fact with respect to

these defensive issues probably prevented appellant from making a proper presentation of the case in this Court, and, therefore, constitutes reversible error. Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, Tex.Com.App., 257 S.W. 526; Richie v. State of Texas, Tex.Civ.App., 275 S.W.2d 723.

The judgment of the trial court is reversed and the case is remanded for a new trial.