P. G. FULTS, d/b/a Hercules Aluminum Company et al., Appellants,

v.

Emma Lee DUREN, Appellee.

No. 15216.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

April 18, 1968.

Rehearing Denied May 9, 1968.

Ernest S. Fellbaum, Lloyd N. Matthews, Houston, for appellants.

Bailey & Blum, Houston, Joseph Lipper, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is a suit to cancel and annul a mechanic's and materialman's lien contract, the deed of trust securing the obligation thereby created, and a deed conveying the property described in the deed of trust to Herbert P. Fults executed by Nick Malant, substitute trustee. A trial to the court without a jury resulted in a judgment for the plaintiff.

The plaintiff alleged that she could not read or write and that she signed the mechanic's and materialman's lien contract by reason of representations made to her by an agent of P. G. Fults, doing business as Hercules Aluminum Company, that the instrument was only evidence of the fact that work was to be done and that the work would cost her $305.00 payable when the work was completed. She alleged that the instrument was never read or explained to her and that she signed it in blank.

The contract as recorded in the County Clerk's records in Fort Bend County, Texas, recites an agreement between Emma Lee Duran and Hercules Aluminum Company (contractor), whereby contractor agreed to furnish and pay for all labor and materials needed to construct in a good and workmanlike manner the following improvements: "Reroof house with three tab white 215# shingles. Install 13 aluminum screen windows. Install two screen doors. Refloor living room and bedroom with 1 X 4 flooring. Replace joist where necessary." "upon the following described tract" of land, being a part of Survey No. 6, Certificate No. 6, Patent 761, Abstract 117, Ft. Bend County, Texas, more particularly described in a deed recorded in Vol. 78, page 244, Deed Records of Ft. Bend County, Texas.

The contract then provides:

"In consideration of the foregoing, Owners promise and agree to pay Contractor, his heirs, representatives or as-

signs, the sum of Twenty-Two Hundred, Five Dollars & No/100 ----------------- Dollars ($2205.00) payable as follows: $_____ cash upon the execution of this contract, and the balance of $2205.00 shall be evidenced by a note for that amount to be executed and delivered upon the completion of the improvements above described. Said note shall be payable to the order of the Contractor, Houston, Texas, in 60 equal successive monthly installments of $36.75 each, except the final installment, which shall be the balance then due on the note."

The instrument provides that "to secure the payment of said note," owner grants and conveys to contractor an express mechanic's and materialman's lien upon the above described property, and "to additionally secure and enforce the payment of said note," the property was conveyed to B. B. Yeager as trustee with the provision that if the owner default in the payment of the note, fail to pay the taxes, or to keep the property insured, the holder may at his option declare the remaining balance due, and, if not paid immediately, the trustee, or his successor, is authorized and empowered to sell the property in accordance with the laws of the State of Texas. The contract appears to have been executed on March 18, 1964, and to have been assigned on March 19, 1964, to Gulf Coast Investment Corporation.

This assignment is a part of the printed form with appropriate blanks filled in by inserting the name "Gulf Coast Investment Corporation", and the date of execution. It provides that "the undersigned, contractor named in the foregoing contract, being the owner and holder of the note therein described" does sell, transfer and convey same to Gulf Coast Investment Corporation. It is signed "Hercules Aluminum Company by P. G. Fults, Mgr."

The note described in the contract is not in evidence. None of the witnesses was questioned about the note. There was no express prayer for its cancellation and it was not mentioned in the judgment of the court. No witness testified that the note was signed. The deed from Nick Malant, substitute trustee, to H. P. Fults refers to a promissory note of even date with the contract for labor and materials and trust deed executed by Emma Lee Duren payable to Hercules Aluminum Company.

The assignment from Gulf Coast Investment Corporation to H. P. Fults bargains, sells, assigns and transfers "a certain mechanic's and materialman's lien * * * together with the obligation therein described, and the money due or to become due thereon, with the interest."

A letter dated August 1, 1964, to Emma Duren from H. P. Fults states: "Your account" is in arrears, and concludes " * * * it is to your advantage to keep this account paid to date as per your contract agreement."

The plaintiff alleged that H. P. Fults was not an innocent purchaser for value of the "mechanic's and materialman's lien note and lien"; that the property described in the contract was the residential and business homestead of the plaintiff, and that the work was never completed, as provided in the contract, and that the work done was not done in a good, workmanlike manner. She further alleged that the property was sold for a grossly inadequate consideration.

The defendants filed a general denial only. They sought no affirmative relief and presented no affirmative defenses.

The trial court found that the land involved constitutes the plaintiff's homestead; that she is ignorant and unable to read and write, except to write her

name; that the defendants began the repair work without authorization from the plaintiff prior to March 18, 1964; that the defendants, their agents and employees represented to plaintiff that the paper she signed on March 18, 1964 was only to show that defendants were doing the work; and that they were not taking a mortgage on her home; that the representations were false; that they were of material facts; that they were relied on by plaintiff; and that they induced the execution by plaintiff of the contract and deed of trust. He found that the contract was not explained to plaintiff; that the improvements were not completed; and that the value of the land was at all times material $3,500.00 per acre.

The trial court concluded that the mechanic's and materialman's lien contract and deed of trust were obtained from the plaintiff by fraudulent misrepresentation and that they, as well as the substitute trustee's deed, should be cancelled, and that defendants should receive $650.00 for the work done.

There is evidence that the contractor did not completely replace the roof with new materials, and that the repairs made were not done in a workmanlike manner. It is undisputed that the screens and screen doors were never installed and there is evidence that they were never delivered on the job. It is undisputed that plywood was substituted for 1 x 4 flooring. There is evidence that needed floor joists were not installed. There is evidence that the cost of the entire job, completed in a workmanlike manner according to the contract, should have been less than $400.00.

▮ Appellants' first, second, and fifth points of error are too general for consideration by this Court. The first point is that the court erred in its findings of

fact and conclusions of law; the second point is that the court erred in overruling the appellants' exceptions to the court's findings of fact and conclusions of law and in refusing appellants' request for additional findings of fact; and the fifth point is that the court erred in rendering judgment in favor of appellee because the same is contrary to the overwhelming weight and preponderance of the evidence. The first five points were argued together. A consideration of the statement made in presenting these points shows that the real issues on which appellants rely are presented by the third and fourth points, by which appellants contend the trial court erred in his findings that appellee was induced to execute the contract and deed of trust by misrepresentations constituting fraud, such findings being contrary to the great weight and preponderance of the evidence, and in his conclusion of law that the contract and deed of trust were obtained from appellee by fraud, since fraud sufficient in law to support such conclusion was not proved.

▮ No useful purpose would be served by an extensive review of the evidence. The plaintiff testified to the facts found by the trial court. This testimony was denied by the employee involved. While the testimony of the notary public who took the acknowledgment of plaintiff supports the position of appellants, in that he said he explained the instrument to plaintiff, an issue of fact was raised, and it was decided by the trial court. Considering the entire record, we cannot say that the findings of fact made by the trial court are so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Banks v. Crawford, 330 S.W.2d 243 (Tex.Civ.App., Houston 1959, ref., n. r. e.).

▮ A misrepresentation of the nature of the instrument presented for the

signature of one who cannot read is obviously actionable fraud under Vernon's Texas Codes Annotated, Business & Commerce, Sec. 27.01(a), i. e., a false representation of an existing material fact. From the evidence in the record, it appears that the contract is so extortionate and unconscionable as to raise a presumption of fraud. Under these circumstances the evidence was sufficient to justify the court in setting aside the contract and deed of trust and the substitute trustee's deed. King v. Cliett, 31 S.W.2d 350 (Tex.Civ.App., Galveston 1930, error ref.); International Life Insurance Company v. Herbert, 334 S.W.2d 525 (Tex. Civ.App., Waco 1960, ref., n. r. e.); Rumfield v. Rumfield, 324 S.W.2d 304 (Tex. Civ.App., Amarillo 1959, ref., n. r. e.).

The purchaser at the substitute trustee's sale was a defendant in this suit, which was filed prior to the sale, and a lis pendens notice was recorded prior to the sale. He participated in the scheme personally and directed the work as general manager of the contractor. At the trustee's sale he purchased the property worth in excess of $250,000.00 for $2,750.00.

■ Appellants attack the judgment insofar as it sets aside the trustee's deed on the additional ground that plaintiff failed to make such tender as is required by law. It is appellants' contention that the plaintiff was required to tender the amount bid at the trustee's sale before seeking equitable relief. Appellee tendered the reasonable value of the improvements by trial amendment. The trial court found such value to be $650.00, and rendered judgment for appellants in that amount. To require a tender of the amount of the bid at the trustee's sale in this case would result in giving to appellants the benefit of the bargain procured by fraud. Appellants' argument is based on their position that the evidence does not support a finding of fraud. Since we hold the evidence of fraud to be sufficient, this point cannot be sustained.

The judgment of the Trial Court is affirmed.