**Albert FRIEDMAN, Appellant,**

**v.**

**Aaron J. COHEN, Appellee.**

**No. 79.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 22, 1968.

Rehearing Denied June 19, 1968.

See, also, Tex.Civ.App., 404 S.W.2d 372.

Ellis F. Morris, Harry H. Brochstein, Houston, for appellant.

Fred Parks, Ruby Sondock, Houston, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought by the appellant, Albert Friedman, praying for declaration of the rights, status and legal relationship of an agreement between himself and the appellee under the Uniform Declaratory Judgment Act and also for specific performance of the alleged agreement. Jury was waived and the trial was to the court. The trial court entered its judgment and subsequently made certain findings of fact and conclusions of law. Appellant, plaintiff below, perfects appeal.

Plaintiff's petition alleges that Cohen, the appellee, and Friedman, the appellant, entered into an agreement concerning a certain invention known as "production of burnt clay and flexible road base material" that is hereafter referred to as "burnt clay project." Appellant alleged that "a part of said agreement" was embodied in a letter from appellee to the appellant dated June 15, 1961, which was signed by the appellant on June 20, 1961.

The first portion of the letter provides, "If you choose to continue the patent work according to their (the patent attorneys, Jacobi and Jacobi of Washington, D. C.), recommendations and pay all expenses involved therein, then you and I will participate, share and share alike, in all proceeds from the project." A subsequent paragraph of the same letter then states, "If, for any reason you (Friedman, the appellant) decide to abandon the project before it is completed, your participation in the project will be limited to 1% for each $500.00 spent subsequent to the date of this letter, such participation never to exceed 50%."

It was appellant's contention that the affect of the agreement was to give him, Friedman, the right upon payment of expenses involved in obtaining a United States patent, a certain interest to the invention. Appellant contends that if he paid such expenses for obtaining the United States patent, not foreign patents, that he and appellee were to own the invention, share and share alike. Appellant alleged that in compliance with the agreement and at appellee Cohen's request, appellant paid the expenses contemplated by their agreement in the sum of $1,350.00 and that this led to the issuance of the United States patent.

Appellant alleged that after he had fully performed his part of the agreement and after the appellee Cohen had received notice of the issue of the United States patent, appellees demanded that appellant pay an additional $16,000.00 or $17,000.00 for the purpose of obtaining foreign patents on the burnt clay project. Appellee's position was that the appellant was obligated to do this before he could share on an equal basis in the project and as said amount was not paid, the appellant's interest was limited to 1% for each $500.00 advanced, in accordance with the agreement that they had entered into.

Appellant's brief enumerates five letters, including the letter of June 15, 1961, which he contends make up the contract between the parties. It does not appear from appellant's pleading or the record in the trial

court that this was appellant's prior contention position. When the trial began, counsel for the appellant stated, "We offer in evidence Plaintiff's Exhibit 1, the Exhibit in the request for admissions, *which is the letter contract between the parties."* (Emphasis added.)

The essence of the controversy involved the construction of the letter of June 15, 1961. Appellant's pleading quotes a substantial portion of the letter and then states, "Plaintiff would show the court that because of the ambiguities contained in said instrument in writing * * * that it will be necessary to produce extrinsic evidence so that the true intent of the parties to the instrument may be ascertained." Extrinsic evidence was introduced and appears in the record, and appellant brings no point of error as to its admission.

■ In its findings of fact the trial court determined that at the time of the initial agreement that the parties to the agreement understood that the patent attorneys would make recommendations regarding the patent work to be done, that their intention was that the appellant would pay for all patent work recommended by the patent attorneys, that such patent work was not limited to work on domestic patents, and that the parties were aware that the patent attorneys recommended foreign patents. There is sufficient evidence in the record to support the findings of the court and appellant's points of error pertaining to "no evidence" and "insufficient evidence" are therefore overruled.

The trial court's findings are not only supported by the evidence in the record, but also are in harmony with that portion of the letter agreement which provides, "If you choose to continue the patent work *according to their recommendations* and pay all expenses involved therein. * * *"

Appellant also contends that the trial court erred in its conclusions of law in that all the requisite elements of the interpretation and construction of contracts were *not applied* by the court. Appellant cites only one case, this being Huckleberry v.

Iverson Supply Co., Tex.Civ.App., 325 S.W. 2d 445, err. ref., n. r. e., wherein the trial court was called upon to construe a letter agreement contract. The court there stated, "This letter was prepared by the drilling company itself, and therefore, under the rules of construction, would be construed most strictly against them, as the author of same." The letter agreement in the Huckleberry case, however, was silent on who was to pay for certain drilling bits but was specific in numerous other areas concerning drilling costs. Drilling bits were not included in the items enumerated. The letter agreement in the case at bar, if silent by way of specification as to foreign patent work was likewise silent by way of specification as to domestic patent work. It was not silent in the language that is controlling, however, that is that the parties were to be bound by the recommendations of the Washington patent attorneys.

■ Appellant's final point of error is that the trial court erred in failing to file additional findings at his request. In support thereof, appellant cites City of Groves v. Rosenthal, Tex.Civ.App., 371 S.W.2d 792, err. ref., n. r. e. The court there stated, "Where findings of fact and conclusions of law have been filed by the trial court, and additional findings of fact are requested, the trial court must make findings on the points requested, *if such points relate to elements of the ultimate and controlling issues in the case."* (Emphasis added.) Rule 298, Texas Rules of Civil Procedure, provides for the filing of additional findings "as may be proper." Where, as here, appellant's requested additional requested findings do not relate to the ultimate or controlling issues or would have a tendency to conflict with the original findings, they need not be made. Tijerina v. Botello, Tex. Civ.App., 207 S.W.2d 136, no writ hist.; Wade v. Taylor, Tex.Civ.App., 228 S.W.2d 922, no writ hist.

Appellant's other points of error are overruled. Finding no reversible error, the judgment of the trial court is affirmed.