James E. STOLTE, Jr., and Bobby J. Stringer, Appellants,

v.

MACK FINANCIAL CORPORATION, Appellee.

No. 7974.

Court of Civil Appeals of Texas, Texarkana.

July 21, 1970.

Mack Trucks, Inc., sold to James E. Stolte, Jr., a Mack Truck complete with cab and chassis and other equipment. Stolte executed a chattel mortgage on September 30, 1966. The mortgage was transferred to Mack Financial Corporation of Dallas County, Texas. All payments on the chattel mortgage notes were due and payable in Dallas County, Texas. The Mack Truck was transferred by Stolte to Bobby J. Stringer and in the Transfer Agreement, Stolte agreed to be bound by the original mortgage and continue to guarantee full payment of the same. Stringer defaulted in the payments and returned the truck to Mack Trucks, Inc. in Houston, Texas.

At the time of the return of the truck the deficiency was calculated for $19,600.00 less finance and insurance refund of $3,716.32, leaving a balance of the deficiency of $15,883.68, plus extra charges of $24.00, leaving a balance due of the appraised deficiency of $15,907.68.

Notice was given to Stolte and Stringer as provided for in the chattel mortgage and the transfer agreement that the Mack truck would be auctioned off on a certain day and at a certain place. The Truck was bid in at $10,000.00 leaving a balance of the alleged deficiency of $5,907.68. Stolte and Stringer also agreed in the mortgage and in the transfer agreement to pay 15% of the amount due under such mortgage, as attorneys fees, in case of default and if the same was placed in the hands of an attorney for collection. This amounted to $886.15.

John W. Overton, Smith, Overton & Trackwell, Houston, for appellants.

A. B. Conan, Jr., Shank, Irwin, Conant & Williamson, Dallas, for appellee.

DAVIS, Justice.

A suit for a deficiency judgment as provided for in a chattel mortgage for the unpaid balance on a Mack Truck.

Plaintiff-appellee Mack Financial Corporation sued defendants James E. Stolte, Jr. and Bobby J. Stringer. Stolte employed an attorney but the attorney withdrew from the case. The case was tried before the Court, without a jury, and a joint and several judgment was entered against the defendants for the sum of $5,907.68, plus $886.15 as attorneys fee, and provided for 10% interest per annum from and after February 19, 1968, until paid.

Appellant Stolte perfected his appeal and brings forward three points of error which read as follows:

### "POINTS OF ERROR

POINT OF ERROR NO. 1. The trial court errored in not giving strict construction in the terms of the Mortgaged Instrument.

POINT OF ERROR NO. 2. The trial court errored in giving judgment to the Appellee in that the judgment is not supported by the weight of the evidence.

POINT OF ERROR NO. 3. The trial court errored in not preparing and filing Such Further, Other or Amended Findings of Fact and Conclusions of Law as required by Rule 298 of The Texas Rules of Civil Procedure, such requests having been timely made and as such, requests was presented to the trial court."

■ Appellants' points of error 1 and 2 are too vague and general to be considered by this Court because they do not direct the Court's attention to any particular error. They do not comply with the requirements of Rule 418 T.R.C.P. Wagon Wheel Club, Inc. v. Restaurant Equipment and Supply Company, (1967) Tex.Civ.App., 410 S.W.2d 788, n. w. h.; Roden v. Booth, Tex. Civ.App., 344 S.W.2d 481, (1961), w. r., n. r. e. Green v. Maxwell, (1968), Tex.Civ. App., 423 S.W.2d 384.

The appellee offered in evidence the chattel mortgage, the transfer agreement and the guaranty that was signed by appellant. They offered proof that the truck was sold at public auction and was sold to the highest bidder. The only argument that is advanced by appellant is that the sale of the truck took place at 5831 Gulf Freeway, Houston, Texas, instead of 5331 Gulf Freeway, Houston, Texas, being the address of Mack Trucks, Inc. We think the evidence is abundantly clear that the sale took place at 5331 Gulf Freeway, Houston, Texas, because there is conflict

in the testimony by the witness who testified that the sale took place at 5831 Gulf Freeway and 5331 Gulf Freeway. All the other evidence was that it took place at 5331 Gulf Freeway. Section 9–504(c) of the Texas Uniform Commercial Code, dealing with disposition of collateral under a chattel mortgage simply provides that the method, manner, time, place and terms of any disposition must be commercially reasonable. Likewise, see Section 9–507(b) Texas Uniform Commercial Code.

Therefore, if points 1 and 2 should be considered, they are overruled.

■ By point No. 3 appellant says the trial court erred in failing to file additional findings of fact and conclusions of law as required by Rule 298, T.R.C.P. This point of error does not conform to the requirements of Rule 418, T.R.C.P. and should not be considered. Fults v. Duren, (1968) Tex.Civ.App., 427 S.W.2d 951. The trial court made findings of fact in his judgment and filed additional findings of fact at the request of the appellant. Amended findings are required only if such points or findings relate to the ultimate and controlling issue in the case. Rule 298 T.R.C.P. does not require the court to make different findings. Groves v. Rosenthal, (1963) Tex.Civ.App., 371 S. W.2d 792, w. r., n. r. e. Friedman v. Cohen, (1968) Tex.Civ.App., 429 S.W.2d 510.

■ We think the point of error is without any merit because the appellant did not bring forward a bill of exception to the failure of the court to make additional findings of fact and conclusions of law. Therefore, the appellant waived any error in his failure to take exceptions to the action of the trial court. Dillingham v. Dillingham, (1968) Tex.Civ.App., 434 S.W.2d 459, error dismissed.

The point is overruled.

The judgment of the trial court is affirmed.