Eva M. GARCIA, Third-Party
Defendant, Appellant,

v.

Consuelo RAMOS, Appellee.

No. 1130.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 3, 1977.

Eduardo E. De Ases, Corpus Christi, for appellant.

Richard W. Rogers, III, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an action to remove cloud from title to a lot, and for damages for the wrongful withholding of the possession of the lot.

Suit was instituted on September 16, 1974 by Alicia P. Meza, individually and as administratrix of the Estate of Guadalupe M. Meza, Deceased, against Consuelo Ramos. Thereafter, Consuelo Ramos brought a third party action against Eva M. Garcia. Trial was to the court, sitting without a jury. Judgment was rendered in favor of Alicia P. Meza, the plaintiff, against Consuelo Ramos, the defendant, in the action to remove cloud from title. The judgment denied the plaintiff any recovery against Consuelo Ramos in the action for damages for wrongful withholding of possession of the lot. The judgment also awarded Consuelo Ramos, as third party plaintiff, a recovery of $3,000.00 in her action against Eva M. Garcia, the third party defendant. Neither Alicia P. Meza nor Consuelo Ramos perfected an appeal from the portions of the judgment that were adverse to them. Eva M. Garcia has perfected an appeal from that part of the judgment which awarded $3,000.00 to Consuelo Ramos.

We first identify the parties to the suit in the trial court. Alicia P. Meza is the surviving wife of Guadalupe M. Meza, who died in March, 1971. Consuelo Ramos is a sister of Guadalupe M. Meza, deceased. Eva M. Garcia is not, according to the record, related to either Alicia P. Meza or Consuelo Ramos. Both Guadalupe M. Meza, deceased, and Consuelo Ramos are children of Francisca Martinez Meza, who died in April, 1974.

The lot in question is a residential lot in Corpus Christi, Texas. It will henceforth be referred to as "the premises". The premises, prior to January 2, 1956, was owned by Joe Garcia and wife, Eva M. Garcia. Joe Garcia died in September, 1963.

Alicia P. Meza, plaintiff, among other allegations, alleged: that on January 2, 1956, she and her husband, Guadalupe M. Meza (who died on March 31, 1971), purchased the premises from Joe Garcia and wife, Eva M. Garcia (the third party defendant in this case); that Francisca Martinez Meza, plaintiff's mother-in-law, had been living on the premises "rent free" for many years with the permission of her deceased husband (a son of Francisca Martinez Meza), but that after his death plaintiff discovered that Consuelo Ramos was claiming title to the premises through a deed dated April 25, 1965 from Eva M. Garcia, as grantor, to Francisca Martinez Meza, as grantee, which conveyed the premises to the latter, and through a deed dated November 1, 1969, executed by Francisca Martinez Meza, as grantor, to her (Consuelo Ramos), as grantee, which conveyed the premises to her (Consuelo Ramos), subject to a life estate reserved by the grantor; that plaintiff's title to the premises was superior to that asserted by the defendant, Consuelo Ramos; and that the deeds under which Consuelo Ramos claimed were null and void. She prayed that the cloud cast on her title to the premises by the deeds under which Consuelo Ramos claimed be removed, and that such deeds be declared null and void.

Consuelo Ramos based her third party action against Eva M. Garcia, on the breach of the covenants of general warranty contained in a deed dated April 29, 1965, executed by Eva M. Garcia, as grantor, to Francisca Martinez Meza as grantee which conveyed the premises to the grantee

named therein for a stated consideration of $3,000.00 cash paid by the grantee to the grantor. She prayed that in the event Alicia P. Meza, the plaintiff prevailed in her suit and it was decreed that Alicia P. Meza had the superior title to the premises and recovered possession thereof or damages because of any wrongful withholding of the possession of the premises that she (Consuelo Ramos) have judgment over and against Eva M. Garcia in the amount of $3,000.00.

Eva M. Garcia, in her verified answer to the third party action filed by Consuelo Ramos, denied generally the allegations contained in the pleading and, in effect, specially pled that there was no "consideration paid to her by Francisca Martinez Meza for the Deed dated April 29, 1965, and therefore said Deed is void".

The judgment decreed that the deed from Eva M. Garcia, as grantor, to Francisca Martinez Meza, as grantee, dated April 29, 1965, and the deed from Francisca Martinez Meza, as grantor, to Consuelo Ramos, as grantee, dated November 1, 1969, were each null and void. Both deeds were cancelled by the judgment.

The findings of fact that bear on this appeal read as follows:

"5. The deed from Eva M. Garcia, a feme sole, to Francesca (sic) Martinez Meza, dated April 29, 1965 contains the words '. . . for and in consideration of the sum of Three Thousand and No/100 Dollars cash in hand paid by Francesca (sic) Martinez Meza, the receipt of which is hereby acknowledged and confessed . . .' and the words '. . . and grantor hereby binds herself heirs, executors and administrators to warrant . . . the said premises unto the grantee . . .'

6. The damages resulting to Francesca (sic) Martinez Meza as a result of failure of title to the premises were the amount paid by her as purchase price, i. e. $3,000.00."

The trial court concluded:

"3. The words quoted in Finding of Fact No. 5 serve to create a contractual obligation on the part of Eva M. Garcia to compensate Francesca (sic) Martinez Meza for any damages she might suffer as a result of not receiving good title to the premises."

Eva M. Garcia's first point of error reads:

"The trial court erred in holding the deed from Appellant to Francesca (sic) M. Meza was valid and binding when there was no evidence of any consideration from Francesca (sic) M. Meza to Appellant."

In deciding a "no evidence" point, an appellate court considers only the evidence and the inferences reasonably resulting therefrom which tends to support the findings of fact made by the trier of fact and disregards all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965).

The deed dated April 29, 1965, executed by Eva M. Garcia, as grantor, to Francisca Martinez Meza, as grantee, which conveyed the premises in dispute to the grantee was introduced into evidence. The deed reads, in part, as follows:

". . . That I, Eva M. Garcia, a feme sole, of the County of Nueces State of Texas for and in consideration of the sum of THREE THOUSAND AND no/100 Dollars cash in hand paid by Francisca Martinez Meza the receipt of which is hereby acknowledged and confessed, have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said Francisca Martinez Meza . . ."

The deed contained covenants of general warranty. The attorney for Eva M. Garcia objected to the introduction of the deed in evidence solely on the ground that the pleadings of the said Eva M. Garcia "allege that there was no consideration coming from Francisca Meza to my client, Mrs. Eva Garcia, for the execution of this deed." The trial court overruled the objection. Eva M. Garcia does not complain of the trial court's action in this appeal by a point of error.

Consuelo Ramos was asked:

"Mrs. Garcia gave you a deed _ _ _ executed a deed in favor of your mother, which is admitted into evidence. Why did she do that?"

No one objected to the question and the witness answered:

"Because we had finished paying the property."

■ There is no other evidence that contradicts the recitation in the deed to the effect that Francisca Martinez Meza paid $3,000.00 cash to Eva M. Garcia as the purchase price for the lot. There is also evidence of probative value that Francisca Martinez Meza, together with Consuelo Ramos, actually paid $32.00 per month to Guadalupe M. Meza, commencing immediately after Joe Garcia and wife, Eva M. Garcia, executed the aforesaid deed to Guadalupe M. Meza and wife Alicia P. Meza in January, 1956, and that such amount of money was paid by Guadalupe M. Meza to the Garcias as part of the purchase price for the premises. However, since the only point brought forward with respect to the actual consideration paid Eva M. Garcia in connection with the execution of the deed to Francisca Martinez Meza is a "no evidence" point, we cannot consider the evidence which disputes the payment of $3,000.00 to Eva M. Garcia by Francisca M. Meza. The recitation in the deed itself is some evidence of probative value that Francisca M. Meza paid $3,000.00 in cash to Eva M. Garcia on April 29, 1965, when the deed from Eva M. Garcia to Francisca M. Meza was signed. No points are asserted that the evidence is factually insufficient to support the $3,000.00 award in favor of Consuelo Ramos, or that the award is so against the great weight and preponderance of the evidence as to be manifestly unjust. The first point of error is overruled.

■ The second point of error asserted by Eva M. Garcia reads:

"The trial court erred in setting damages at $3,000.00. . . ."

The point is too vague and general to be considered by this Court because it does not direct this Court's attention to any particular point of error. The effect of such a broad and general point is to simply assert that the trial court committed reversible error in making the award. The point does not comply with the requirement of Rule 418, T.R.C.P. *Blackmon & Associates, Inc. v. Palmer Building Supplies and Specialties, Inc.*, 463 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd, n. r. e.); *Pleasant Grove Builders, Inc. v. Phillips*, 355 S.W.2d 818 (Tex.Civ.App.—Dallas 1962, writ ref'd, n. r. e.); *Stolte v. Mack Financial Corporation*, 457 S.W.2d 172 (Tex.Civ.App.—Texarkana 1970, no writ); *Wagon Wheel Club, Inc. v. Restaurant Equipment & Supply Co.*, 410 S.W.2d 788 (Tex.Civ.App.—San Antonio 1967, no writ). The second point is error is overruled.

■ Findings of fact and conclusions of law were filed by the trial judge. Additional findings and conclusions were requested by Eva M. Garcia. There is no showing in the record that any additional findings or conclusions were made by the trial judge. Eva M. Garcia, in her third point of error, contends that the failure of the trial judge to file additional findings of fact and conclusions of law is a sufficient ground for a reversal of the judgment with respect to the award of $3,000.00 in favor of Consuelo Ramos and a remand of the controversy between Consuelo Ramos and her (Eva M. Garcia) for a new trial. Additional findings and conclusions are not required to be prepared and filed by the trial judge where they do not relate to the ultimate or controlling issues, or where they conflict with the original findings and conclusions made and filed by the trial judge. *Huber v. Buder*, 434 S.W.2d 177 (Tex.Civ.App.—Fort Worth 1968, writ ref'd, n. r. e.); *Friedman v. Cohen*, 429 S.W.2d 510 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd, n. r. e.).

■ In the instant case, the requested additional findings and conclusions either conflict with the original findings and conclusions, or do not relate to the ultimate or controlling issues in the controversy between Consuelo Ramos and Eva M. Garcia. There is no showing that the failure to

prepare and file the requested additional findings and conclusions prevented Eva M. Garcia from making a proper presentation of her case to this Court. The failure to prepare and file additional findings and conclusions, under the record here presented, does not constitute reversible error. The third point is overruled.

Fundamental error does not appear on the face of the record. Eva M. Garcia has not, by the points of error urged by her, shown any reason why the judgment of the trial court insofar as it awarded Consuelo Ramos a recovery of $3,000.00 against her should be disturbed by this Court.

The judgment of the trial court is AFFIRMED.