STATE of Texas, Appellant,

v.

WIERGATE LUMBER COMPANY, INC., et al, Appellees.

No. 8258.

Court of Civil Appeals of Texas, Beaumont.

May 24, 1979.

Rehearing Denied June 7, 1979.

 

J. Scott Wilson, Asst. Atty. Gen., Austin, for appellant.

John H. Seale, Jasper, for appellees.

CLAYTON, Justice.

The State of Texas, appellant, brought this suit against appellees, Robert Powell and Wiergate Lumber Company, Inc., to enforce the provisions of *Tex.Rev.Civ.Stat. Ann. art. 911b* (Vernon Supp. 1978), commonly known as the Texas Motor Carrier Act. The State sought civil penalties and an injunction under the provisions of *Sec. 16(b)* and *16(c)* of *Article 911b.*

The State alleged that Robert Powell acted as a motor carrier by transporting lumber and lumber by-products from the facilities of Wiergate to various cities within the State of Texas for compensation or hire on sixty separate days without a certificate of public convenience and necessity or a contract carrier permit from the Railroad Commission of Texas. The State further alleged that Wiergate procured, aided, or abetted Powell in such transportation.

It was stipulated by the parties that at all times material to this cause, property was transported between the origin and various destinations over the highways of the State of Texas between two or more incorporated cities, towns, or villages; that compensation for the transportation movements was received; and that neither Powell nor Wiergate held a certificate of public convenience and necessity or a permit issued by the Railroad Commission of Texas.

The trial court entered judgment denying the relief sought by the State from which judgment the State appeals.

The uncontradicted testimony shows that Wiergate is in the business of manufacturing and selling lumber products and lumber by-products. Powell was employed by Wiergate as "manager of the trucks." He had no duties with reference to loading, scheduling, or dispatching the trucks. His duties were "strictly in delivery of the lumber after it was loaded and seeing that it was delivered on time." All the drivers were

paid by Wiergate. All deductions for their social security and withholding taxes were made by Wiergate. All trucks were purchased by and in the name of Wiergate, and Wiergate carried liability insurance on each of such trucks. The company carried worker's compensation insurance on the truck drivers, and Powell himself was covered by such worker's compensation insurance. The witness Jones, as an officer of Wiergate, had the right to control the details of the work of the truck drivers involved in the particular "hauls" involved in this cause. The sales manager of Wiergate, not Powell, would dispatch the trucks to their point of destination. Jones had the right to fire any driver. All of the expenses of operating the trucks were paid out of the "hauling revenue," with the exception of operating expenses such as gasoline, repairs, and maintenance, which were paid by Powell out of his compensation. Powell received as his compensation the net amount of the hauling revenues.

Based upon the foregoing facts, the court filed findings of fact and conclusions of law to the effect that Wiergate had a regular and established place of business in Wiergate, Newton County, Texas; that such business was not a transportation business; that lumber and lumber by-products were manufactured in the ordinary course of the business of Wiergate; that Wiergate transported such manufactured goods over the highways, merely incidental to the operation of its business; that at all times when such goods were transported over the highways, Wiergate was the bona fide owner of such goods; that at all times when such goods were transported "they were transported by means of motor vehicles of which Wiergate Lumber Company, Inc. was the bona fide owner."

The State's first two points of error complain of error by the trial court in refusing to grant the State's requested additional findings as follows, to wit:

1. All financial burden and absorption of profit or loss for the transportation operations were borne by Powell pursuant to his agreement with Wiergate.

2. That only Powell exercised substantial supervision over the transportation operations.

■ The trial court, in its findings of fact, specifically found that Wiergate was the bona fide owner of the goods being transported and that such goods were transported in vehicles of which Wiergate was the bona fide owner. Under these findings of fact, Wiergate was not a "motor carrier" or "contract carrier" according to the express provisions of Tex.Rev.Civ.Stat.Ann. art. 911b, § 1a(1)(a) (Vernon Supp. 1978). Since Powell was only an employee and "manager of the trucks" who had no duties with reference to loading, scheduling, or dispatching the trucks, and whose only duty was "strictly in delivery of the lumber after it was loaded and seeing that it was delivered on time," he was not a "motor carrier" or "contract carrier" within the provisions of Article 911b.

The State has not challenged any of the findings by the court by a point of error, and, in the absence of such a challenge, they are binding upon the appellate court. Lovejoy v. Lillie, 569 S.W.2d 501 (Tex.Civ. App.—Tyler 1978, writ ref'd n. r. e.); Katz v. Rodriguez, 563 S.W.2d 627 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd n. r. e.); McBurnett v. Gordon, 534 S.W.2d 370 (Tex. Civ.App.—Beaumont 1976, writ ref'd n. r. e.).

■ The findings of fact made by the trial court and the undisputed evidence in the record precludes either Wiergate or Powell from being a motor carrier or contract carrier. Additional findings and conclusions are not required to be prepared and filed by the court where they do not relate to the ultimate or controlling issues, or where they conflict with the original findings and conclusions made and filed by the trial judge. Garcia v. Ramos, 546 S.W.2d 400 (Tex.Civ.App.—Corpus Christi 1977, no writ); Huber v. Buder, 434 S.W.2d 177 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.); Friedman v. Cohen, 429 S.W.2d 510 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The refusal by the court

to make and file the requested additional findings does not constitute error. These points are overruled.

The State's third point is without merit and is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.