**C & W MANHATTAN ASSOCIATES,**
**Appellant,**

v.

**Gordon R. LIVELY, Appellee.**

**No. 8291.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 4, 1979.

Rehearing Denied Oct. 25, 1979.

Jesse R. Pierce, Houston, for appellant.

Melvin R. Wilcox, III, Longview, for appellee.

CLAYTON, Justice.

This is a suit for the recovery of damages for breach of an option contract between appellee, Gordon R. Lively, and appellant, C & W Manhattan Associates. In a non-jury trial, judgment was entered in favor of appellee in the sum of $106,250, plus prejudgment interest.

In September 1972, appellee, Lively, obtained from George Kelly an option to purchase a certain tract of land for the purchase price of $300,000. On February 14, 1973, appellant, Manhattan Associates, entered into an agreement with Lively whereby Manhattan Associates were granted "the exclusive right and option to purchase the [Kelly] option." The appellant's option contained the agreement that if the option was exercised, appellant would pay the purchase price of $200,000 to appellee for his option to buy the tract of land for $300,000. Appellant's option contained the agreement that: "This option is exercisable during and only during that period of time beginning April 1, 1973 at 12 o'clock noon and ending April 5, 1973 at 12 o'clock noon;" and further, "In the event such tract shall contain less than forty (40) acres, the Purchase Price shall be reduced by $12,-500.00 for each acre less than forty (40)."

Appellant's option agreement with Lively contained the provisions:

"The purchase price shall be $200,-000.00, hereinafter called Purchase Price, payable upon the date such Option is closed in accordance with the terms hereof; it being understood and agreed that the sum of $7,500.00 paid upon the execution hereof shall be applied toward that

Purchase Price. In the event PURCHASER fails to exercise this Option, the $7,500.00 shall be retained by LIVELY and this Agreement shall become null and void."

By letter dated April 3, 1973, appellant notified appellee that it elected to exercise its option. By letter dated May 2, 1973, appellant notified Lively of its intention to cancel and terminate the option to purchase the real property and demanded the return of the $7,500 previously delivered to appellee.

The trial court made and filed findings of fact, inter alia, to the effect: (1) that the option agreement was executed by appellant and appellee, and appellant paid $7,500 which was accepted by appellee as consideration therefor; (2) that appellant exercised its option on April 3, 1973; (3) that in reliance upon appellant's exercise of its option, appellee on April 5, 1973, exercised his option with Kelly; (4) that at all times subsequent to April 3, 1973, appellee stood ready, willing, and able to perform any and all his obligations to appellant under their option; (5) that on May 2, 1973, appellant advised appellee of its intention not to complete the purchase of the option and demanded the return of the $7,500, and at such time appellant breached its contract; (6) that appellant agreed to pay appellee $200,000 less $12,500 times the number of acres under forty acres actually contained in the subject tract and less $7,500 previously paid for the option, and that the tract contained 33.14 acres; (7) that appellee suffered damage as a result of appellant's failure to carry out its agreement and that appellee's damage as a result of appellant's breach was $106,250; (8) that appellee's loss of the benefit of his bargain was foreseeable and within the contemplation of the parties when the option agreement was agreed upon and executed.

■ Appellant has not challenged any of the findings by the court by a point of error, and in the absence of such challenge, they are binding upon the appellate court. *State v. Wiergate Lumber Co.*, 582 S.W.2d 258 (Tex.Civ.App.—Beaumont 1979, writ

ref'd n. r. e.); *Lovejoy v. Lillie*, 569 S.W.2d 501 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.); *McBurnett v. Gordon*, 534 S.W.2d 370 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.).

■ Appellant urges three points of error directed at the amount of damages awarded by the trial court. Appellant contends that the "proper measure of [appellee's] damages was the agreed amount of $7,500," and that appellee's damages "were limited to retention of the $7,500 paid by [appellant] for its option." We do not agree with such contentions.

■ As found by the trial court, appellant paid the sum of $7,500 for its option to purchase appellee's option to purchase the acreage. Under the terms of the appellant's option the $7,500 was to be retained by appellee in the event appellant did not exercise its option. This sum was the consideration paid for the option and was not a liquidated damage clause as contended by appellant. Appellant concedes the right of appellee to retain such sum if there had not been an exercise of the option by appellant. However, appellant did not fail or refuse to exercise the option. Appellant effectively exercised its option by letter dated April 3, 1973.

■ The option agreement entered into by and between appellant and appellee was, in itself, a contract. Until such time as appellant elected to act or exercise its option, the contract is sometimes said to be unilateral in nature. When appellant exercised its option such action converted the option contract into a binding bilateral contract. Having exercised the option, by its election, appellant must then proceed to perform the conditions of the option contract in order to complete the transaction. *Ferguson v. von Seggern*, 434 S.W.2d 380 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); *McWhirter v. Morrow*, 203 S.W.2d 317 (Tex.Civ.App.—Amarillo 1947, no writ); *Northside Lumber & Bldg. Co. v. Neal*, 23 S.W.2d 858 (Tex.Civ.App.—Fort Worth 1929, no writ); *Ellis v. Johnson*, 38 S.W.2d 625 (Tex.Civ.App.—El Paso 1931, writ dism'd).

As found by the trial court, appellant breached its contract with appellee to pay the stipulated purchase price. As a result thereof, appellant was legally bound to pay the agreed purchase price. The proper measure of damages for such breach of contract would not be a mere forfeiture of the $7,500 paid for the option but would be the damages resulting therefrom as found by the trial court. No challenge has been made to the findings of the court as to the amount assessed as damages. The contention of appellant is only that the $7,500 paid by appellant as consideration for the option is the proper measure of damages. Under the facts as found by the court, we reject this contention. These points of error are overruled.

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.