GUY A. THOMPSON, TRUSTEE, ST. LOUIS, BROWNSVILLE
& MEXICO RAILWAY COMPANY V. LEE ROY
CRAWFORD PRODUCE COMPANY.

No. A-2678. Decided October 4, 1950.
Rehearing overruled November 8, 1950.
(233 S. W., 2d Series, 295.-

*Kleberg, Mobley, Lockett & Weil and Pat McGloin,* all of Corpus Christi, for petitioners.

The Court of Civil Appeals erred in holding that damaged condition of the tomatoes at destination was due partly to plaintiffs and partly to defendant makes it impossible to determine what part of the damage is due to the one and what to the other, and that the carrier's delay in delivery did not materially injure the tomatoes but that the damaged condition was due also entirely to the delay in the plaintiff, the plaintiff will not be allowed to recover. Belcher v. Missouri, K. & T. Ry. Co., 92 Texas 593, 50 S. W. 559; Texas & N. O. R. R. Co. v. Wolfson, 23 S. W. 2d 455; St. Louis B. & M. Ry. Co. v. Murray, 40 S. W. 2d 949.

*North & Blackmon,* of Corpus Christi, for respondent.

The Court of Civil Appeals was correct in its holding that the findings of the trial court could only be construed as meaning that part of the damage was due to the acts of the shipper and part to the carrier, and that the carrier had the burden of showing that the damages was caused solely by the negligence of the shipper or to show what amount of damage was due to his negeligence and what due to the negligence of the carrier. Central Vermont Railway Company v. White, 238 U. S.

507, American Railway Exp. v. Levee, 263 U. S. 19; Barnet v. New York Central R. Co., 222 N. Y. 195, 118 N. E. 625.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

Lee Roy Crawford Produce Company, respondent, sued Guy A. Thompson, as trustee of the St. Louis Brownsville & Mexico Ry. Co., petitioner, for damages to a carload of tomatoes, which it had shipped from San Benito, Texas, to Kansas City, and there diverted to Chicago, and thence again diverted to Pittsburgh. A trial court judgment for petitioner was reversed by the Court of Civil Appeals and the cause remanded. 228 S. W. 2d, 344.

We have concluded that the issues raised here are determined by the trial court's findings of fact, which are summarized in the three succeeding paragraphs.

On November 30, 1946, respondent delivered to petitioner at San Benito 700 lugs of tomatoes consigned to itself at Kansas City. The shipment was due in Kansas City at 2 A. M. December 4, but it reached there 2 hours and 20 minutes earlier. At 7 P. M. December 5 respondent filed with petitioner a reconsignment of the shipment to itself at Chicago, where it was due at 12:30 A. M. December 7 but arrived 20 minutes earlier. By telegram sent December 13 respondent reconsigned the car to a fruit and vegetable company at Pittsburgh, where it was due at 7:45 P. M. December 15 for the next day's market, but it did not reach there until 6:30 P. M. December 17. That was in time for the next day's market but the car was not spotted for unloading until time for the market of December 19.

On Nov. 29 and 30 the tomatoes were inspected at point of origin by state and federal inspectors and found to be No. 2 grade. At the request of respondent they were inspected at Chicago on December 8 and again on December 12. This first inspection showed that the tomatoes were still No. 2 grade but "that there were the following defects existing at origin: 36% average shoulder bruises and scars and 4% growth cracks, 3% were soft ripe, and there was an average of 3% decay." The December 12 inspection showed the tomatoes were 6% soft ripe and 4% decay and that, due to ripeness, they were no longer No. 2 grade. These inspections were of the upper layers in the car, hence the decay and ripeness shown were greater than the average for the whole car. An inspection upon arrival of the car at Pittsburgh showed the tomatoes to be 3% soft ripe and

to have 10% decay, and that only because of this decay were they no longer No. 2 grade.

The court further found "that the carrier delay of two days in arrival at Pittsburgh and one day delay in placing the car for the market there did not materially injury the tomatoes. The damaged condition at destination was due almost entirely to the delay of the plaintiff in (1) loading the tomatoes and having them inspected during two days; (2) in holding the car at Kansas City, Missouri, for two days; and (3) in holding the car at Chicago for more than six days."

The Court of Civil Appeals held that the proof that the tomatoes were in good condition when delivered to petitioner and in bad condition upon their arrival at Pittsburg made a prima facie case of liability against petitioner. Then it construed the above findings of fact as a finding that the damaged condition of the tomatoes was due partly to delay caused by respondent and partly to delay caused by petitioner. It then concluded that petitioner had not discharged its burden to show either that the damage was due solely to respondent's negligence or, if not, what part of it was attributable thereto.

■ The word *material* has been defined as "important; more or less necessary; having influence or effect; going to the merits; having to do with matter, as distinguished from form." Black's Law Dictionary (3rd Ed.), p. 1168. It signifies "a matter that is entitled to consideration; going to the merits; such as does or would affect the determination of a case, the effect of an instrument, or the like; such as must be considered in deciding a case on its merits." 57 C. J. S., p. 451. So when the trial court found that the delay which occurred after departure of the shipment from Chicago and which were the only ones attributable to petitioner "did not materially injure the tomatoes", he found that they had no influence or effect on the damage suffered by the tomatoes; that they were not entitled to his consideration in deteremining the merits of respondent's claim; that they did not and could not affect the determination of this case. Therefore, unless it can be said that the law must concern itself with matters of no consequence, we would not be justified in holding that the trial court found that the damaged condition of the tomatoes was due partly to delay caused by petitioner. But it is an old and well established rule that the law will not concern itself with small things. It follows that the trial judge's conclusion as to the legal effect of his finding was correct.

■ In the trial court respondent requested certain findings of fact but they were refused, and that action was complained of in the Court of Civil Appeals. In substance, those requested findings were that somewhere between the point of origin and Chicago the car was improperly ventilated and that the percentage of damage thereby caused to the tomatoes could not be determined from the evidence; that petitioner "did not exercise good judgment" in placing a heater in the car for eight hours on December 13, the day the car was reconsigned to Pittsburgh; that petitioner violated an Interstate Commerce Commission rule in not notifying shipper immediately upon the expiration of 72 hours after the car arrived in Chicago that the shipment had not been delivered, such notice having been given by telegram 64 hours after the 72 hours specified by the above rule; that some of the damage to the tomatoes was caused by rough handling by the carrier before the car arrived in Chicago, 60 lugs being totally lost for that reason.

A study of the statement of facts discloses that there was a dispute in the testimony either as to whether the matters referred to in the requested findings occurred or as to whether they caused any material injury to the tomatoes. Hence the refusal of the trial court to make the findings amounted to a finding against respondent's contention and we are not authorized to disturb it.

While petitioner did not give respondent formal notice of nondelivery of the shipment immediately after the expiration of 72 hours following the car's arrival in Chicago, it is clear that respondent had that information long before expiration of the 72 hours. Respondent was the consignee of the car and its sales manager at San Benito, testifying as a witness for respondent, said that he got "almost daily" market reports from La Mantia Bros., one of the largest produce houses in Chicago, and the record shows that La Mantia Bros. inspected the car, at respondent's request, at 3:15 A.M. Dec. 8, which was 27 hours and 5 minutes after its arrival. In the face of this undisputed evidence of actual notice, it cannot be said that respondent was hurt by petitioner's failure to give further notice after 72 hours.

Our holding does not conflict with cases like Belcher v. Missouri K. & T. Ry. Co. of Texas, 92 Texas, 593, 50 S. W., 559, which declares, "If the plaintiff (shipper) showed negligence on the part of the defendant (carrier), he was prima facie entitled to recover all of the damages sustained, and the

burden of proof rested upon the defendant to prove the negligence by which plaintiff enhanced the amount of the damage or failed to prevent the injury, as well as the extent to which such damages were enhanced, or to which they might have been lessened by the use of ordinary care on the part of plaintiff." In that case there was a delay of more than 48 hours in starting the shipment, which delay the shipper alleged was negligence on the part of the carrier and which caused his damage; whereas in this case the delay which the trial court found caused all of respondent's material damages were admittedly chargeable to respondent and there was no material enhancement of respondent's damages by any act of petitioner.

It follows that the judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered October 4, 1950.

Rehearing overruled November 8, 1950.