**DONALSON v. HORTON et al.**
**No. 6221.**

Court of Civil Appeals of Texas. Amarillo.
April 28, 1952.

Rehearing Denied May 19, 1952.

1. These are East Texas Public Service Co. v. Johnson, Tex.Civ.App., 300 S.W. 975, affirmed Tex.Com.App., 6 S.W.2d 344; Carlock v. Westchester Lighting Co., 268 N.Y. 345, 197 N.E. 306; Braun v. Buffalo General Electric Co., 200 N.Y. 484, 94 N.E. 206, 34 L.R.A.,N.S., 1089.

694

Adkins, Folley, Adkins, McConnell & Hankins, Amarillo, for appellant.

Porter & Lowe, Clarendon, for appellees..

PITTS, Chief Justice.

This is a suit for damages by reason of an automobile collision occurring in Donley County. Suit was filed by appellees,. Barney Horton and Mrs. V. H. Siddle, against appellant, M. M. Donalson, for the sum of $1,536.50 by reason of alleged property damages and personal injuries sustained as a result of the said collision. Appellee Horton sued on behalf of his wife and minor son as well as for himself and Mrs. V. H. Siddle is Horton's mother-in-law. The case was tried to the court without a jury and judgment was rendered for appellees in the sum of $1,358.50 for property damages and medical bills from which judgment appellant perfected his appeal.

Appellant charges in his first point that:

"The trial court erred in awarding judgment to plaintiffs based upon acts not alleged in plaintiffs' pleading."

In his argument in support of his complaint he again says the trial court convicted appellant of an act of negligence not pleaded by appellees and based its judgment thereon. He further charges that a trial court's. finding of fact not supported by any pleadings of either party cannot be considered. and its judgment based on such an unsupported finding should be reversed. From his charges made it appears that he does. not contend that the pleadings of appellees are insufficient to support the finding upon which the trial court based its judgment but he contends there is no pleading to support.

such a finding and therefore no pleadings to support the judgment as rendered. In considering his assignment we must examine the facts as well as the trial court's findings and appellees' pleadings. We shall first examine the facts and the trial court's findings.

There seems to be little, if any, controversy about the material facts. The record reveals that on June 10, 1951, during a misty, foggy morning appellant was operating his 1950 Ford Sedan travelling west on U. S. Highway 287 and appellee Horton was operating his 1949 Ford Coach with his family as passengers travelling east on the said highway when the collision occurred between the two automobiles. Just prior to the collision appellant had been operating his automobile upon his own right-hand side of the highway between 55 and 60 miles per hour while appellee Horton had been following a milk truck which later turned off a side road to the left just before the collision occurred and he therefore had for that reason reduced his speed to 20 or 25 miles per hour. When Horton saw appellant approaching, he applied his brakes and had stopped his motor vehicle completely when the impact of the motor vehicles occurred on his side of the highway. It is admitted by appellant that his automobile crossed over the center line of the highway and collided with Horton's automobile on the extreme south side of the paved highway; that is, on Horton's right-hand side of the pavement and on appellant's left-hand side of the pavement. It appears from the uncontroverted evidence that appellant's automobile was moving rapidly when it crossed over the center of the highway and collided with Horton's automobile while it was standing still on Horton's side of the highway. In addition to the foregoing uncontroverted facts the trial court found, in effect, that appellant was travelling downgrade and appellees were travelling upgrade both on wet, slick pavement when the collision occurred; that as appellant "topped the hill" east of the point of collision he saw appellees' approaching automobile and the milk truck apparently side by side on the pavement approximately 186 yards away; that appellant's automobile, when it was about 93

yards away from appellees' automobile, began to "flat spin" as it approached the point of collision, made about a half turn, when the right rear part of it collided with the left front part of Horton's automobile. Following these findings the trial court further found:

"That under the same or similar circumstances a person in the exercise of ordinary care and prudence would not have operated his automobile at such rate of speed that he could not control it within the limits of such distances above set out, and plaintiff was therefore negligent, and such negligence was a proximate cause of the collesion, resulting in the damages suffered by plaintiffs."

We shall now examine appellees' pleadings. Omitting the formal parts appellees pleaded the date and place of collision; that Horton was driving east on U. S. Highway No. 287 at a careful, prudent and lawful rate of speed and on his own right-hand side of the highway while appellant was operating his motor vehicle west on the said highway when he "negligently and recklessly crossed the center of said highway, and as a direct and proximate result of such negligence, the automobile and car and motor vehicle operated by defendant struck plaintiffs' automobile and motor vehicle, harming, damaging, and breaking the same, and as a result of said impact, accident, or collision, violently wounded, cut and bruised plaintiffs." Appellees thereafter further pleaded as a proximate cause of their injuries and damages that appellant was negligent in driving his automobile at an unlawful rate of speed, in operating a mechanically defective automobile and in "leaving his own right hand side of the above named highway and in traveling in, along, and upon his left hand lane of the highway, then and there being the wrong side of said highway for said defendant to be traveling along and upon, and which said side of said highway was then and there being used, legally and rightfully, by these plaintiffs." Appellees further pleaded that:

"* * * by reason of the wrongful, illegal, intentional, and negligent man-

ner in which the defendant did on said occasion, and at such time and place, hit, strike, and collide with the plaintiffs and plaintiffs' automobile above described, the said defendant did cause great and serious property damage to these plaintiffs in the sum of $1186.50, in that said defendant did strike, hit, and collide with plaintiffs' said automobile thereby causeing said damages in said sum as above set out and pleaded; and. the said defendant did upon said occasion, and at such time and place and in the manner fully set out above cause great physical and mental anguish and pain to and upon these plaintiffs, by so negligently, illegially, intentionally and wrongfully, striking, hitting, and colliding against these plaintiffs in the manner aforestated, all to these plaintiffs' great damage in the sum of $350.00; and further in this connection plaintiffs would' show unto the court that such negligence, illegal, intentional and wrongful act and conduct on the part of the defendant to and upon these plaintiffs and the property of the plaintiff was and is the direct and proximate cause of such damages, both as to said property and said personal injuries."

It clearly appears that appellees pleaded negligence by reason of appellant's reckless operation of his motor vehicle so as to cross the center line of the highway and on his own wrong side of the same and there collide with appellees' motor vehicle. They further pleaded appellant's negligence by reason of an unlawful speed rate, operating a mechanically defective automobile and again they pleaded negligence by reason of appellant's crossing over the center line of the highway and colliding with appellees' automobile while it was on its own side of the highway where it had a legal right to be. In view of the foregoing pleadings and the evidence heard the trial court made findings in addition to the uncontroverted facts giving distances, the wet condition of the pavement, appellant travelling downgrade while appellees were travelling upgrade, and further found, in effect, that appellant at the time and place of the collision failed to operate his automobile as an ordinary prudent person would have done but because of his high speed rate (on the wet, slick pavement) he lost control of his automobile (crossed over the highway center line and onto his wrong side of the highway, according to his own admissions) and recklessly and negligently caused the collision that resulted in the injuries and damages. Upon such pleadings, admitted facts and additional findings the trial court based its judgment being here attacked.

■ It is our opinion that the trial court's judgment and its findings in support thereof are sufficiently supported by the pleadings of appellees. Appellant's point to the contrary is therefore overruled.

■ But, be that as it may, appellant makes the foregoing complaint for the first time on appeal. He did not challenge appellees' pleadings by exception or otherwise. Neither did he challenge any of the evidence admitted in support of the pleadings or complain by motion or otherwise about the admission of any evidence upon the issues of negligence. Conceding for the sake of argument that appellees' pleadings were insufficient, under the record presented here and the recent authorities governing such matters, appellant waived any right to make the complaint he has made here for the first time on appeal. Scott v. Doggett, Tex.Civ. App., 226 S.W.2d 183; Horwitz v. Finkelstein, Tex.Civ.App., 196 S.W.2d 951; Tew v. Griffith, Tex.Civ.App., 187 S.W.2d 408; Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471, Syl.16; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, and the concurring opinion of Chief Justice Alexander in the case of Ramsey v. Dunlop, 146 Tex. 196, 205 S.W. 2d 979.

■ Appellant further charges in point two that the trial court erred in refusing to resolve the fact issues in accordance with the request made by appellant in compliance with Rules 296 and 298, Texas Rules of Civil Procedure. In his original request for findings as well as his later request for additional findings appellant asked the trial court only to find whether or not at the time of the collision appellant was negligent in driving his automobile at an unlawful rate of speed, or in

operating a mechanically defective automobile, or in leaving his own right-hand side of the highway and travelling upon the left lane of the same. In response to appellant's original request the trial judge apparently did not want to be limited only to the special request for findings made and filed by appellant but he apparently wanted to prepare and file his findings in support of his judgment in his own way, which we think he had a right to do. The trial court therefore acknowledged in writing appellant's request for "certain findings of fact set out in such request", considered the same and refused "such findings as therein stated" but made his own findings as heretofore stated herein. The trial court did not reply to appellant's request for additional findings and we think it was justified in such failure to reply thereto inasmuch as the second request asked only for the same specific findings previously requested in the original request, and the trial court had already previously considered and refused the very same requested issues in passing on the original request for findings made. To have twice considered and refused to make such special requested findings asked for in the same form a second time would have been a useless thing to do and the trial court is not required to do such a useless thing. At any rate, Rule 298 only requires the trial court to file such additional or amended findings as may be proper and the trial court had already previously determined that it would not be proper to file findings in the specific form requested by appellant but filed in lieu thereof its own findings prepared in its own way. In a case such as this Rule 296 requires the trial judge, at the request of either party, to make and file findings of fact. It is contemplated, however, that he make and file such findings as may be "found by him" in support of his judgment rendered. He is not required to make findings concerning facts that are admitted; neither is he there limited to such specific findings as may be requested by the losing party. In any event the trial court was required to file only such findings as the record justified and it is our opinion that its findings were sufficient to support its judgment in this case. However, in any event, a failure

to file additional or amended findings does not constitute a reversible error so long as the record affirmatively shows no prejudicial injury thereby to appellant as is the case here. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117; Wade v. Taylor, Tex.Civ. App., 228 S.W.2d 922; and Wentz v. Hancock, Tex.Civ.App., 236 S.W.2d 175.

It appears from the record that, although the trial court did not "resolve the fact issues in accordance with the request made by appellant", it did make and file its findings "in compliance with" the requirements of Rule 296 and, under the record presented here, it did not commit reversible error in any event in its refusal to again consider and reply to a second request for the same specific findings previously requested. Appellant's second point to the contrary is therefore overruled.

A careful examination of the record and appellant's assignments of error and argument in support thereof does not reveal to us any error committed. The judgment of the trial court is therefore affirmed.