Eugene SAUER et ux., Appellants,

v.

Arthur D. JOHNSON and Reuben R. Johnson, Appellees.

No. 12182.

Court of Civil Appeals of Texas, Austin.

Feb. 26, 1975.

Second Motion for Rehearing Denied March 19, 1975.

Leonard J. Gittinger, Jr., San Antonio, for appellants.

William L. Schroeder, Bartram, Reagan & Burrus, New Braunfels, for appellees.

## ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court filed on December 4, 1974, is withdrawn, and the following opinion replaces it.

Appellants, Eugene Sauer and wife, Fornia L. Sauer, sued appellees, Arthur D. Johnson and Reuben R. Johnson, in the district court of Comal County for $2,950.00 representing the cost of repairing the floor in a new house purchased by them from appellees. Upon trial to the court, a take nothing judgment was entered.

The factual basis of appellants' lawsuit is as follows. In 1971, appellees built the house in New Braunfels, and in May of that year appellants purchased it. In September of 1971, appellants moved into the house, and constructed flower beds about the house and curbing around the lot. In May of 1972, New Braunfels experienced an abnormal amount of rainfall. During the summer of 1972, the flooring in appellants' residence buckled.

Appellants maintained that the buckling was caused by the improper installation of a "particle board"[1] subflooring which permitted the absorption of moisture from beneath the house. Appellants' evidence was that a vapor seal should have been placed under the particle board which would have prevented the absorption of moisture. Appellees claimed that the flower bed curbs and curbing around the lot contributed to water accumulating under the house. The cost of repairing the floor was $2,950.00.

Appellants attack the judgment by a welter of points and sub-points of error, thirty-seven in number. The refusal of the court to adopt numerous findings of fact and conclusions of law tendered by appellants forms the basis for many of their points of error. No attempt will be made in this opinion to discuss the points individually or discuss them in their order of appearance in appellants' brief.

The resolution of the appeal is best begun by an examination of the parties' trial pleadings. The appellants' trial pleading was their original petition. In that pleading appellants alleged ". . . that prior to the expiration of the period of *warranty contained in said* contract, they notified the defendants that the flooring . . . was defective in that same had buckled and had caused the tile and the carpet to pucker up and the floor to be uneven . . ." (Emphasis added) Appellees proceeded to trial on their first amended answer in which they averred that appellants were negligent in constructing the curbing about the house which had the effect of preventing water from draining away from the house and which proximately caused and contributed to appellants' damages. In addition appellees pleaded generally that appellants' damages were ". . . proximately caused by a new, independent and intervening cause."

No special exceptions were leveled at either of the trial pleadings in an effort to make certain appellants' theory or theories of recovery and to make certain the nature of appellees' "new, independent and intervening cause." The record does not show that there was any character of pre-trial hearing conducted in an endeavor to delineate the issues to be resolved at trial.

Though not well stated, appellants' petition probably pleaded a cause of action for breach of an express warranty in writing. This is so since a case in warranty is sufficiently pleaded when the petition states the existence of a warranty, the breach of the warranty, and damages arising from the breach. Swift & Company v. Bennett, 373 S.W.2d 569 (Tex.Civ.App.

---

1. "Particle board" is a manufactured product made of small pieces of wood that have been adhered and pressed together.

1963, writ ref'd n. r. e.). An inspection of the record shows that appellees made no express warranty in writing.

■ Though an oral express warranty was not pleaded, appellants tendered, and the court admitted into evidence, statements made to appellants about the quality of the house by the real estate salesman who handled the sale. Appellees objected to the tender of that evidence upon the basis that there was no pleading to support its admission. Appellants did not file a trial amendment conforming their pleading to the testimony relating to the oral express warranty. Because appellees objected to the testimony bearing on an oral express warranty, they cannot be regarded as impliedly consenting to the trial of that issue. Texas Rules of Civil Procedure, rule 67.

■ Likewise, appellants did not plead that appellees had impliedly warranted that the house was constructed in a good and workmanlike manner and was suitable for human habitation. Humber v. Morton, 426 S.W.2d 554 (Tex.1968). Implied warranty, though not raised by appellants' petition, was tried by consent since both appellants and appellees elicited testimony concerning whether or not the use of particle board in the construction of the floor, in the first instance, and whether or not its use without a vapor seal, in the second instance, was in conformity with good workmanlike standards. Though specifically requested to do so by appellants, the trial court refused to find that appellees impliedly warranted that the house ". . . was finished with good workmanship and good materials," and that appellees had breached that warranty.

■ Contrary to appellants' assertions in their brief, they did *not* plead a cause of action in negligence against appellees in the use of and installation of the particle board. However, the issues of negligence and proximate cause were tried by implied consent. In their request for additional findings of fact and conclusions of law, appellants requested, and the court refused to find, several specific acts which constituted negligence and proximate cause.

■ The refusal of the trial court to adopt appellants' tendered findings of fact concerning (1) breach of the implied warranty and (2) negligence and proximate cause was tantamount to findings against appellants' contentions. Thompson v. Lee Roy Crawford Produce Co., 149 Tex. 357, 233 S.W.2d 295 (1950).

The controlling questions presented for review concern the refusal of the trial court to find that appellees breached the implied warranty, and the failure of the court to find that the appellees were negligent and that such negligence was a proximate cause of appellants' damages. We construe appellants' points of error to be that the evidence conclusively established (1) breach of the implied warranty and (2) negligence and proximate cause, University of Texas: Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361, 364 (1960), or, alternatively, that the refusal of the trial court to so find was so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

■ Preliminary to summarizing the evidence it should be observed that in a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. Where there is evidence of probative force to support the findings and the judgment of the trial court, such findings will not be disturbed, even though the evidence is conflicting and the reviewing court might have concluded otherwise. Corn v. First Texas Joint Stock Land Bank, 131 S.W.2d 752 (Tex.Civ.App.1939, writ ref'd).

■ This action pitted the testimony of appellants' expert witnesses against that of appellees' expert witnesses. Appellants called Harold J. Kunz, Jr., a general contractor, who testified, in effect, that the

<blockquote>
</blockquote>

floor in appellants' house was not constructed in a good and workmanlike manner since a vapor seal was not placed between the subflooring and the particle board. He testified further that particle board had been "withdrawn" from the market, and that its use in appellants' house was not proper. The testimony of Robert L. Compton, a remodeling contractor, fairly substantiated Kunz's views.

Clarence Weidner testified for appellees. He was building inspector for the City of New Braunfels at the time appellees built appellants' house, and prior to his employment as building inspector, he had been a carpenter. Weidner inspected the house at various stages of construction and was of the general opinion that the house was constructed in a workmanlike manner. In fact, he would not have approved the house if it had not been constructed in a good and workmanlike manner. He approved of the construction of the subflooring with the type of particle board used by appellees. Weidner inspected appellants' floors after the time of the buckling, but he could arrive at no explanation for the buckling of the floors. Weidner testified further that in the New Braunfels area he knew of only two contractors who used a vapor seal between the subflooring and the particle board in a sill and beam construction.

Chester Schwab, the manager of a local lumber and building supply business, testified that many builders in the New Braunfels area utilize particle board for subflooring. His observation was that some builders use a vapor seal between the subflooring and the particle board, though others do not. Melvin Heimer was one of the carpenters who built appellants' house. He stated generally that he "felt like" the house was constructed in a workmanlike manner.

We are convinced from a review of the evidence that appellants did not conclusively establish (1) breach of the implied warranty or (2) negligence and proximate cause. With respect to appellants' "insufficient evidence" points, we are not certain that we would have concluded in the same way as the trial court, had we been the fact finder. Still we are satisfied that the refusal of the trial court to find a (1) breach of implied warranty and (2) negligence and proximate cause is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

 Appellants' brief contains other points of error which complain mostly of the refusal of the court to adopt findings of fact and conclusions of law tendered by appellants. Because the tendered findings and conclusions were immaterial to the resolution of any controlling issue in the cause or were evidentiary in character, the court did not err in refusing to adopt them.

The motion for rehearing is overruled, and the judgment is affirmed.

Affirmed.