**TEXAS EASTERN TRANSMISSION CORPORATION, Appellant,**

v.

**SEALY INDEPENDENT SCHOOL DISTRICT, R. L. Dittert, Individually and as Tax Assessor-Collector for the Sealy Independent School District, and Melvin Meier, Leroy Zapalac and Delmer Tipp, each Individually and in their capacities as Members of the Board of Equalization of the Sealy Independent School District, Appellees.**

No. 17129.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 7, 1978.

Vinson & Elkins, David T. Hedges, Jr., Glen A. Rosenbaum, Houston, for appellant.

Conner, Odom & Clover, C. E. Clover, Jr., Sealy, Elvin E. Tackett, Bedford, for appellees.

COLEMAN, Chief Justice.

■ This is a suit to invalidate the tax assessment made by the Sealy Independent School District on certain pipeline properties of Texas Eastern Transmission Corporation. An examination of the record demonstrates that Texas Eastern timely requested the trial court to file findings of fact and conclusions of law and properly called to the attention of the trial judge his failure to file findings of fact. The rule in this state is that the failure of the trial court to file findings of fact and conclusions of law when properly requested constitutes reversible error, unless the record before the appellate court affirmatively reflects that the complaining party has suffered no injury. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (1944). Here conclusions of law were filed but the findings of fact on which they were based were not. Texas Eastern complains of the refusal of the trial court to file findings of fact by point of error number 11.

■ This point must be sustained. We conclude that instead of reversing the judgment, the proper order is one directing the trial court to file its findings of fact and conclusions of law. *McShan v. Pitts*, 538 S.W.2d 266 (Tex.Civ.App.—San Antonio 1976, no writ hist.).

The trial court is directed to file its original findings of fact and conclusions of law no later than September 18, 1978. Texas Eastern is allowed five days to request further, additional, or amended findings. After final action on such findings of fact and conclusions of law, same shall be filed in this court by supplemental transcript. The appellant will be allowed 30 days within

which to file a supplemental brief, and the appellees are allowed 20 days to file reply briefs. Additional oral arguments will not be allowed.

 The parties have requested numerous findings of fact. Rule 296, T.R.C.P., requires the trial judge, at the request of either party, to make and file findings of fact. It is contemplated that he shall file such findings as may be "found by him" in support of his judgment. He is not required to make findings concerning facts that are admitted; neither is he limited to such specific findings as may be requested by the losing party. *Donalson v. Horton*, 256 S.W.2d 693 (Tex.Civ.App.—Amarillo 1952, no writ hist.). He is not required to make findings that are immaterial to the resolution of any controlling issue in the cause or that are evidentiary only. *Sauer v. Johnson*, 520 S.W.2d 438 (Tex.Civ.App.—Austin 1975, ref'd n. r. e.). Additional findings and conclusions are not required to be prepared and filed by the trial judge where they do not relate to the ultimate or controlling issues, or where they conflict with the original findings and conclusions made and filed by the trial judge. *Garcia v. Ramos*, 546 S.W.2d 400 (Tex.Civ.App.—Corpus Christi 1977, no writ hist.).