ACCEPTED
03-15-00384-CV
7881342
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 11:02:52 AM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00384-CV**

**IN THE COURT OF APPEALS
FOR THE
THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 11:02:52 AM
JEFFREY D. KYLE
Clerk

**CRYSTAL BINGHAM HERNANDEZ,
Plaintiff/Appellant,**

**v.**

**TIFFANY POLLEY,
Defendant/Appellee.**

**On Appeal from Tom Green County Court at Law No. 2
Tom Green County, Texas
Trial Court Cause No.  12C482-L2**

**APPELLEE'S RESPONSIVE BRIEF ON APPEAL**

**KIRK D. WILLIS**
State Bar No. 21648500
**JOSEPH M. GREGORY, III**
State Bar No. 08436525
**LORIN M. SUBAR**
State Bar No. 19456800
**THE WILLIS LAW GROUP, PLLC**
10440 N. Central Expy. Suite 520
Dallas, Texas 75231
Telephone:   214-736-9433
Facsimile:    214-736-9994

**ATTORNEYS FOR APPELLEE**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), below is a supplement to the list of parties and their counsel as provided to the Court in Appellant's Brief on Appeal:

Benton Williams, counsel for Tiffany Polley in the trial court, is no longer counsel for the Appellee

Joseph M. Gregory, III was counsel for Tiffany Polley before the trial court and is counsel for Tiffany Polley on appeal. His address is: The Willis Law Group, PLLC, 10440 N. Central Expy, Suite 520, Dallas, Texas 75231;

Lorin M. Subar is counsel for Tiffany Polley on appeal. His address is: The Willis Law Group, PLLC, 10440 N. Central Expy, Suite 520, Dallas, Texas 75231;

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

TABLE OF AUTHORITIES ...............................................................................iv

STATEMENT OF THE CASE.............................................................................2

RESPONSE POINTS PRESENTED.....................................................................2

STATEMENT OF THE FACTS ...........................................................................3

STANDARD OF REVIEW ..................................................................................8

SUMMARY OF THE ARGUMENT ....................................................................9

RESPONSE POINT ONE - The Trial Court did not commit reversible error
in dismissing the lawsuit as a sanction for failure to comply with the
Trial Court's order to produce certain documents..........................................10

ARGUMENT AND AUTHORITY FOR RESPONSE POINT ONE.....................10

    A.    Plaintiff's Duties Under TEX. INS. CODE § 462.001, *et seq*. ...................10

    B.    Plaintiff Did Not Produce Documents She was Ordered to Produce......12

    C.    Dismissal was neither unreasonable nor improper.................................14

RESPONSE POINT TWO - The Trial Court did not commit reversible error
in failing to enter findings of fact and conclusions of law in the same
manner as presented by the Plaintiff. ...........................................................21

ARGUMENT AND AUTHORITY FOR RESPONSE POINT TWO....................21

CONCLUSION..................................................................................................22

PRAYER ...........................................................................................................23

# TABLE OF AUTHORITIES

**Cases**

*Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839 (Tex. 1986)..................................8

*Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48 (Tex. 2002) ....................................20

*Cortinas v. Lopez*, No. 13-14-00242-CV, 2014 Tex. App. LEXIS 13194 (Tex. App.—Corpus Christi Dec. 10, 2014, pet. denied) ......................................18

*Donalson v. Horton*, 256 S.W.2d 693 (Tex. Civ. App.—Amarillo 1952, writ ref'd n.r.e.) ..................................................................................................22

*GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725 (Tex. 1993)............16

*Stritzinger v. Wright*, No. 03-10-00455-CV, 2011 Tex. App. LEXIS 1427 (Tex. App.—Austin Feb. 23, 2011, pet. denied)......................................................8

*Thompson v. Lee Roy Crawford Produce Co.*, 233 S.W.2d 295 (Tex. 1950) .........22

*Transamerica Natural Gas Corp., v. Powell*, 811 S.W.2d 844 (Tex. 1992)...........14

*Villa Nova Resort, Inc. v. State*, 711 S.W.2d 120 (Tex. App.—Corpus Christi 1986, no writ)...................................................................................................22

*Wade v. Taylor*, 228 S.W.2d 922 (Tex. Civ. App.—Amarillo 1949, no writ) ........22

**Statutes**

TEX. INS. CODE § 462.001 ....................................................................................10

TEX. INS. CODE § 462.251 ............................................................................... 10, 15

TEX. INS. CODE § 462.252 ....................................................................................11

TEX. INS. CODE § 462.253 ....................................................................................11

## Rules

TEX. R. APP. P. 33.1(a) ..........................................................................17

TEX. R. APP. P. 38.1(a) .......................................................................... ii

TEX. R. CIV. P. 192.7(b) ........................................................................13

TEX. R. CIV. P. 215.2(b) ........................................................................17

TEX. R. CIV. P. 215.2(b)(5) ....................................................................20

TEX. R. CIV. P. 296...............................................................................21

## IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
## AUSTIN, TEXAS

**CRYSTAL BINGHAM HERNANDEZ,**
**Plaintiff/Appellant,**

**v.**

**TIFFANY POLLEY,**
**Defendant/Appellee.**

### APPELLEE'S RESPONSIVE BRIEF ON APPEAL

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Tiffany Polley (hereinafter "Defendant"), and files her Response to the Brief on Appeal of Appellant Crystal Bingham Hernandez (hereinafter "Plaintiff"), and requesting that the dismissal and judgment in her favor be affirmed, would show this Court of Appeals the following:

## STATEMENT OF THE CASE

Defendant accepts the Statement of the Case as stated in Appellant's Brief, with the following additional information:

On April 27, 2011, the automobile insurer for Defendant, Reinsurance Company of America, Inc., was placed into liquidation proceedings by an Illinois court and designated as an "impaired insurer" by the Texas Commissioner of Insurance pursuant to Texas Insurance Code chapter 462.[1]

## RESPONSE POINTS PRESENTED

### RESPONSE POINT ONE

**The Trial Court did not commit reversible error in dismissing the lawsuit as a sanction for failure to comply with the Trial Court's order to produce certain documents.**

### RESPONSE POINT TWO

**The Trial Court did not commit reversible error in failing to enter findings of fact and conclusions of law in the same manner as presented by the Plaintiff.**

---

[1] CR 64.

## STATEMENT OF THE FACTS

On March 19, 2013 Defendant served discovery requests (interrogatories and document requests) on Plaintiff. On May 15, 2013 Defendant advised Plaintiff that she had wholly failed to respond to the discovery requests.[2] Thereafter, on July 8, 2013, with no responses having been received, Defendant filed a Motion to Compel.[3] The parties submitted an Agreed Order Granting Defendant's Motion to Compel and Plea in Abatement which was signed by the Trial Court on September 23, 2013.[4] The Order provided Plaintiff would:

1. Answer all interrogatories;

2. Respond to all discovery requests;

3. Execute an Affidavit Regarding Other Insurance;

4. Provide insurance information regarding underinsured motorist coverage or provide a signed rejection page for such coverage;

5. Provide insurance information regarding personal injury protection coverage or provide a signed rejection page for such coverage;

6. Provide information regarding other applicable insurance coverage through Plaintiff or her spouse or others;

7. Documents releasing assignments and explanation of benefits documents.[5]

---

[2] CR 71.
[3] CR 64.
[4] CR 72-73.
[5] CR 72-73.

When the documents were not produced as promised by the Plaintiff and as ordered by the Court, on June 30, 2014, Defendant filed her Motion to Dismiss and for Sanctions.[6]  Plaintiff filed no response to that Motion prior to the Court's hearing the Motion on October 7, 2014.

At the hearing on the Motion to Dismiss, held on October 7, 2014, Plaintiff provided no reason or excuse for failing to respond to the discovery requests of the Defendant or the prior Order of the Court.  In fact, as noted by Defendant's counsel at the hearing, and without objection by Plaintiff's counsel, Plaintiff did not produce even a copy of the relevant insurance policy[7] and other documents until the hearing.[8]

At the hearing, the parties discussed additional production of documents by November 17, 2014.  The Trial Court therefore indicated:

> This is what I'm going to do.  I'm going to give you the date that y'all agreed upon before I walked into the courtroom, but he doesn't have everything he should have under the prior motions and by that date, I'm going to grant his motion to dismiss.[9]

The response to the Trial Court from Plaintiff's counsel was "Okay."[10]

---

[6] CR 74.
[7] RR Vol. II, p. 4, line 18.
[8] RR Vol. II, p. 6, lines 16-19.
[9] RR Vol. II, p. 8, lines 7-12.
[10] RR Vol. II, p. 8, line 13.

But the Trial Court was not through addressing the issue with Plaintiff's counsel. The Trial Court noted that while some of the information to be produced was under the control of others, a year was more than enough time to respond fully to the discovery as requested, and therefore the Trial Court again indicated it would grant the Motion to Dismiss if there was not a full response.[11]

The day after the hearing on the Motion to Dismiss, Plaintiff produced some of the records responsive to the Court's Order.[12] The records produced showed that Plaintiff had made no real effort to meet the original Order (dated September 27, 2013) from the Trial Court. In fact, the produced documents indicate no effort was made until after Defendant filed her Motion to Dismiss in July of 2014:

1. A letter from NexClaim regarding an assignment of benefits was dated July 8, 2014 even though the last service date was September 16, 2013;

2. An Explanation of Benefits letter from CIGNA was dated July 8, 2014 even though the last treatment covered was on December 16, 2010.

On January 8, 2015, the Trial Court reconvened to address whether Plaintiff had met the September 2013 Order on Defendant's Motion to Compel. At the hearing, Plaintiff's counsel argued that all he had to produce was four medical

---

[11] RR Vol. II, p. 8, line 14 to p. 9, line 1.

records in order to avoid further sanctions from the Trial Court, and therefore he met all of the requirements under the Trial Court's Order. [13] The above-referenced exchange between the Trial Court and Plaintiff's counsel (regarding dismissing the case) was then quoted back to the Trial Court – "everything he should have under the prior motions and by that date."[14] The Trial Court addressed some of the crucial information still lacking; specifically information regarding other insurance payments made on the Plaintiff's behalf.[15]

As noted by counsel for the Defendant, and as agreed upon by counsel for the Plaintiff, the Plaintiff for the second time walked into court with a document dump of information,[16] trying to contend that now he had provided all of the information ordered to be produced. But as argued by Defendant's counsel, even with the document dump, Plaintiff had still not provided the information crucial to move forward with the litigation – what was actually paid by insurance.[17]

The Trial Court was not oblivious to the actions of Plaintiff's counsel in dumping documents on Defendant's counsel at the courthouse then attempting to

---

[12] CR 86.
[13] RR Vol. III, p. 7, line 21 to p. 8, line 21.
[14] RR Vol. III, p. 7, lines 17-23.
[15] RR Vol. III, p. 14, line 5 to p. 15, line 3.
[16] RR Vol. II, p. 6, lines 16-19; RR Vol. III, p. 11, lines 1-5 and attachments; RR Vol. III, p. 25, lines 12-18.
[17] RR Vol. III, p. 25, lines 12-18.

force Defendant's counsel to agree he had met the requirements of the Court's

Order. As stated by the Trial Court:

> I don't expect you or you ever to be handed something or any other attorney to be handed something in court without time to review it, to give it a cursory look over, and be held to that if you get back to the office and after review said oh, well, wait a minute, it doesn't have this. I wouldn't want somebody to hold me to that, and I wouldn't hold the attorneys in my court to that. Something that is produced in court and handed to you and said, oh, here this is and you've got it, okay, that looks like what I've asked for, okay. If you get back to the office and go, well, Judge, that wasn't quite all I asked for, I'm not going to argue with you about that. I'm not going to hold you to that either.[18]

After Plaintiff's counsel was given an opportunity to explain why, some 22 months

after being served with discovery, the discovery was still not responded to in full,

the Trial Court continued:

> The issue before the Court is that this has been pending for quite sometime; and the responses to the discovery, even from what I'm looking at in a very limited capacity before the Court, at what I'm seeing has been filed before the Court, is – is sometimes your client's responses were sloppy, sometimes they were inaccurate, and sometimes they were incomplete. It would be one thing if this was three or four months into it, but it is not.[19]

Therefore, after again noting Plaintiff had enough time to respond, the Trial Court

dismissed the case.[20]

---

[18] RR Vol. III, p. 26, lines 10-23.
[19] RR Vol. III, p. 38, line 17 to p. 39, line 1.
[20] RR Vol. III, p. 39, lines 17-23.

## STANDARD OF REVIEW

As stated by the Texas Supreme Court:

> A trial court may impose sanctions on any party that abuses the discovery process. TEX. R. CIV. P. 215. The discovery sanctions imposed by a trial court are within that court's discretion and will be set aside only if the court clearly abused its discretion.[21]

Therefore, the standard of review is whether the trial court clearly abused its

discretion in dismissing Plaintiff's lawsuit. As stated by the Hon. Bob Pemberton:

> A trial court abuses its discretion only if it acts in an arbitrary and unreasonable manner or without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion does not occur merely because the trial court decides a matter within its discretionary authority in a different manner from an appellate court in a similar circumstance. [22]

---

[21] *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986).
[22] *Stritzinger v. Wright*, No. 03-10-00455-CV, 2011 Tex. App. LEXIS 1427, *13-14 (Tex. App.—Austin Feb. 23, 2011, pet. denied).

## SUMMARY OF THE ARGUMENT

Both the decision to dismiss the lawsuit and the timing of that decision were within the sound discretion of the Trial Court. The Trial Court extended itself in every manner possible prior to dismissing the Plaintiff's lawsuit. Plaintiff's counsel acknowledged on the record that he understood the case would be subject to dismissal if Plaintiff failed to produce the information contained in the AGREED Order on Defendant's Motion to Compel. Therefore, the Trial Court did not abuse its discretion when it dismissed the lawsuit based on Plaintiff's repeated failure to produce the required documents. Consequently, this Court of Appeals should affirm the Judgment of the Trial Court.

<u>**RESPONSE POINT ONE (RESTATED**</u>)

**The Trial Court did not commit reversible error in dismissing the lawsuit as a sanction for failure to comply with the Trial Court's order to produce certain documents.**

<u>**ARGUMENT AND AUTHORITY FOR RESPONSE POINT ONE**</u>

**A.      Plaintiff's Duties Under TEX. INS. CODE § 462.001,** *et seq*.

As pled by the Defendant and as acknowledged by the Plaintiff, Defendant's automobile insurer was designated an impaired insurer pursuant to the Texas Property and Casualty Insurance Guaranty Act[23] (the "Guaranty Act").  Plaintiff's rights against the Defendant became subject to the Guaranty Act, which provides certain protections for Defendant and imposes duties on Plaintiff, as follows:

**§ 462.251 - Exhaustion of Rights Under Other Policy Required:**

(a)      Any person who has a claim under an insurance policy, other than an impaired insurer's policy, and whose claim arises from the same facts, injury, or loss giving rise to a claim against an impaired insurer or the insurer's insured, must first exhaust the person's rights under the insurance policy, including:

(1)      a claim for benefits under a workers' compensation insurance policy or a claim for indemnity or medical benefits under a health, disability, uninsured motorist, personal injury protection, medical payment, liability, or other insurance policy[.][24]

* * * *

---

[23] TEX. INS. CODE § 462.001, *et seq*.
[24] TEX. INS. CODE § 462.251.

**§ 462.252 - Reduction in Amount of Covered Claim for Other Policy:**

(a)     Except as provided by Subsection (b), an amount payable as a covered claim under this chapter is reduced by the full applicable limits of another insurance policy described by Section 462.251, and the association shall receive a full credit in the amount of the full applicable limits of the other policy[.][25]

\* \* \* \*

**§ 462.253 - Effect on Insured of Reduction in Amount of Covered Claim:**

To the extent that the association's obligation is reduced by the application of Sections 462.251 and 462.252, the liability of the person insured by the impaired insurer's policy for the claim is reduced in the same amount.[26]

Of particular note in the above-quoted sections of the Insurance Code are: (1) it is the duty of the Plaintiff to first exhaust her rights under all other insurance policies, including automobile and health insurance policies,[27] and (2) the Defendant's potential liability to Plaintiff is reduced by the full amounts of any applicable insurance *policy*.

The importance of directing the Court and Plaintiff as indicated immediately above is two-fold.  First, Plaintiff has to actively seek recovery from all other

---

[25] TEX. INS. CODE § 462.252.
[26] TEX. INS. CODE § 462.253.
[27] TEX. INS. CODE § 462.251.

sources of insurance *before pursuing her claim* against the insured of an impaired insurer. Second, the Defendant is entitled to a credit for the full limits of such other insurance policies. Therefore, a plaintiff with health insurance who fails to submit her medical bills for payment is nevertheless subject to an offset for the full amount of available insurance.

### B. Plaintiff Did Not Produce Documents She was Ordered to Produce

In the end, the Trial Court did not base its dismissal on the broad request for production of all documents proving Plaintiff had met the minimum provisions of the Texas Insurance Code,[28] but rather on the overall nature of the failed responses after two years and two orders compelling the production.

Rule 192.7 (b) of the Texas Rules of Civil Procedure states that "Possession, Custody, or Control of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to the person who has physical possession of the item."[29] Plaintiff never asserted that she did not have the better right to obtain the requested information regarding other insurance. Plaintiff never contended that the Defendant would be in a better position to get the records, or even in an equal position to get the

---

[28] TEX. INS. CODE § 462.251 (that all rights of recovery under all other policies of insurance had been exhausted).

records. Further, Plaintiff never indicated she could not get the information. On the contrary, Plaintiff admitted that at some point (about a year after the Trial Court had compelled the same) she did obtain some of the requested information. Yet even having possession of the responsive documents, Plaintiff did not produce the documents until the date of the hearing, and even then, the production was still wanting.[30]

Plaintiff waited more than a year after being ordered to produce documents and only until facing dismissal before making any attempt whatsoever to comply with the Trial Court's Order of September 13, 2013 or to otherwise meet the requirements of TEX. INS. CODE § 462.251 to ensure all other insurance had been exhausted.

At any time prior to the dismissal, Plaintiff could have produced the information requested. Instead, Plaintiff produced nothing but argument. The Trial Court gave Plaintiff numerous opportunities to comply, but in the end, dismissing the case was solely the result of Plaintiff's consistent and continual failure to act until it was too late.

---

[29] TEX. R. CIV. P. 192.7(b).
[30] RR Vol. III, p. 32, line 9 to p. 40, line 11.

## C. Dismissal was neither unreasonable nor improper.

Plaintiff was charged with prosecuting her own case and wholly failed to make any effort to do so until her case was dismissed. From March 19, 2013 until September 27, 2013, Plaintiff did nothing to respond to discovery requests (even though she herself had served discovery with her Original Petition). Plaintiff further did nothing to meet her burden under the Texas Insurance Code.

After agreeing to produce the list of documents in the September 27, 2013 Order on Defendant's Motion to Compel, she then did nothing until dumping documents on the Defendant at the hearing on the Motion to Dismiss more than a year later.

Plaintiff cites the usual list of cases, starting with *Transamerica Natural Gas Corp., v. Powell*,[31] regarding the use, imposition, and purpose of sanctions and, with specificity, the "death penalty" sanction of dismissal. But Plaintiff provides this Court with no facts or argument as to why that ultimate penalty was improper in this case.

As stated by the Supreme Court in *TransAmerica*:

Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. ***However***, if a party refuses to produce material evidence, despite the

---

[31] 811 S.W.2d 844 (Tex. 1992).

imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it.[32] [Emphasis added].

As the Court states, when a party systematically ignores the trial court's orders to produce evidence, the court may presume that the claim lacks merit.

An examination of the information sought in the present case not only supports the presumption, but bears its imposition. As noted above, Plaintiff's ability to bring a claim against the Defendant hinges on the Plaintiff *first* showing that all other sources of insurance have been exhausted.[33] Plaintiff was ordered to produce this information in September of 2013. Plaintiff took no action until October of 2014, and which time she was told she needed to produce the information by November of 2014 (as agreed upon by the Plaintiff) or the case would be dismissed. Plaintiff was again given another month and a half to comply but still failed to produce the necessary information.

Because Plaintiff refused to produce the necessary information "the court [could therefore] presume that an asserted claim or defense lacks merit and dispose of it."[34] The only issue therefore is how the need to "test lesser sanctions" has been interpreted by the courts.

---

[32] *TransAmerica*, 811 S.W.2d at 917.
[33] TEX. INS. CODE § 462.251.
[34] *TransAmerica*, 811 S.W.2d at 917.

It bears repetition at the beginning of this analysis that ***months before the Trial Court's final judgment, Plaintiff's counsel specifically admitted he was well aware that failure to produce the required records would result in dismissal***.

Plaintiff relies on *Cire v. Cummings*,[35] for the proposition that the Trial Court acted improperly in dismissing Plaintiff's lawsuit. But Plaintiff fails to recognize the *Cire* Court's limitation on *TransAmerica*.

In *Cire*, the Supreme Court noted while the general rule still persists in the Court's desire to have trial courts consider lesser sanctions:

> Nothing in the standard . . . requires that a trial court test the effectiveness of lesser sanctions by actually implementing and ordering each and every sanction that could possibly be imposed before striking the pleadings of a disobedient party. Nor does . . . [the standard] . . . require a trial court to list each possible lesser sanction in its order and then explain why each would be ineffective.[36]

Other Texas Courts have since applied the *Cire* standard that ""the court need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party before issuing the death penalty."[37] While it is admitted that the discovery issues in *Imagine Auto* were much more convoluted than in the instant cause,[38] the basic and most important fact remains

---

[35] 134 S.W.3d 835 (Tex. 2004).
[36] *Id*. at 842 (citing *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993)).
[37] *Imagine Auto. Group*, 430 S.W.3d at 634, (citing *Cire*, 134 S.W.3d at 842).
[38] *Imagine Auto*., 430 S.W.3d at 626-29.

the same – that in each case the trial court gave the offending party multiple opportunities to comply, with the only sanction being the threat to dismiss prior to actually dismissing the case.[39]

While the *Cire* Court's opinion stated that the above provision was not universal, its application being only for "exceptional misconduct,"[40] Defendant would show that the "exceptional" standard exists here.[41]

Plaintiff's position demands that a trial court back up its discovery orders with sanctions at every turn as it assumes that without sanctions, the parties, and more importantly their attorneys, would always ignore the gravity of the order compelling discovery itself, essentially making a party immune from dismissal so long as the trial court fails to impose some other sanction. Further, it suggests that a trial court's reticence to otherwise sanction a party with one of the list of Rule 215 non-dismissal sanctions[42] moots ***even the express threat*** to dismiss a case for noncompliance.

---

[39] *Id*. at 630 ("'it took the Court to threaten contempt upon the defendants'" to obtain their compliance.").
[40] *Id*.
[41] No reasoning was provided in the Trial Court's ruling; however any error regarding the technical aspects of the final dismissal was waived. *See* TEX. R. APP. P 33.1(a); *see also Alexander*, 956 S.W.2d at 714 (Although rule requiring the court to specify the basis for sanctions was mandatory, the error is waived if the complaining party fails to object to the form of the order.).
[42] *See* TEX. R. CIV. P. 215.2(b).

Defendant would be remiss in not addressing the Thirteenth Court of Appeals' decision in *Cortinas v. Lopez*,[43] which also addressed the issue of the trial court dismissing a plaintiff's lawsuit for repeated failures to respond to discovery. That discussion must begin by Defendant pointing out to this Court that while Plaintiff presented her argument on *Cortinas* as a block-quote, in fact the cited language, save one portion, does not appear in the Court's opinion, nor does it reflect the language or tenor of the appeals court's opinion. Specifically, the Court of Appeals never "rebuked" the defendant's argument regarding the lien assignment, nor "denounced" defendant's argument that the trial court had, as in the instant cause, warned the offending party that continued discovery abuses would lead to a dismissal.

Further, Plaintiff has failed to point to the distinct differences between *Cortinas* and the present cause, making the discovery abuses in this case much more distinct. As the *Cortinas* Court noted, the discovery issues which led to the dismissal were not even included in any actual discovery requests.[44] The discovery request were seeking an insurance policy page; however defendant's counsel, for

---

[43] No. 13-14-00242-CV, 2014 Tex. App. LEXIS 13194, *1 (Tex. App.—Corpus Christi Dec. 10, 2014, pet. denied).
[44] *Id*. at *19.

the first time in a hearing, asked instead for explanation of benefits documents.[45] Likewise, the *Cortinas* Court discussed the "confusion" surrounding the other document at issue, a Release of Assignment of Lien, which again was not included in either any discovery request or order.[46]

Neither of the document confusion issues in *Cortinas* exist in the present case. The Order on Defendant's Motion to Compel was an ***"Agreed Order"*** bearing the signature of Plaintiff's counsel agreeing to produce all of the documents identified therein, including a full and complete Affidavit Regarding Other Insurance and, as specifically and separately set out, "all Release of Assignment documents from any healthcare provider, as well as any and all Explanation of Benefit documentation."[47] Therefore, unlike in *Cortinas*, the Plaintiff in the instant case could not claim confusion in an attempt to avoid the dismissal.

What is similar both here and in *Cortinas* is that in each case, the trial court made clear that failure to fully comply with its expectations would be met with the most severe of sanctions. And the argument put forth before this Court by counsel for this Defendant is the same as that put forth by the same counsel for the

---

[45] *Id.*
[46] *Id.* at *20-21.
[47] CR 72.

defendant in *Cortinas*: When a party has wholly failed to abide by the rules of discovery to the point where a trial court expressly and specifically states their case will be dismissed for any further abuses, should the offending party simply be able to intentionally ignore the trial court, knowing that the court's very specific edict really means nothing? Is there not some reason why a party, especially one represented by counsel, should not assume that the trial court has the power to back up its words with deeds, as specifically set out and allowed for under TEX. R. CIV. P. 215.2(b)(5)?

In revisiting the standard of review of the Trial Court's dismissal, as set out by the Texas Supreme Court in *Bowie Mem'l Hosp. v. Wright* and its progeny, it is not up to this Court to "substitute [their] judgment for that of the trial court in matters committed to the trial court's discretion."[48] Further, the only reason a reviewing court will veer away from that principal is if a trial court "acts in an arbitrary and unreasonable manner or without reference to guiding rules or principles."[49] The Trial Court gave Plaintiff every opportunity to comply with its agreed production order, right up to the date the case was dismissed.

Plaintiff's counsel acknowledged that the case would be ripe for dismissal if all of the documents covered in the Trial Court's Order were not produced, yet

---

[48] *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

even four months later, Plaintiff's counsel was still attempting to excuse Plaintiff's non-compliance. Plaintiff has provided no compelling reason why the Trial Court's Judgment should be disturbed on appeal.

## RESPONSE POINT TWO (RESTATED)

**The Trial Court did not commit reversible error in failing to enter findings of fact and conclusions of law in the same manner as presented by the Plaintiff.**

## ARGUMENT AND AUTHORITY FOR RESPONSE POINT TWO

Plaintiff contends the Trial Court committed reversible error in not accepting the verbiage of a finding of fact as suggested by the Plaintiff. Specifically, Plaintiff demanded that the Trial Court find that the sole reason for dismissing Plaintiff's lawsuit was that she failed to fill in a blank in the Affidavit of Other Insurance indicating the amounts she had received by other insurers.[50]

The operative procedural rule, TEX. R. CIV. P. 296, does not demand that a court accept a proposed finding of fact as the finding of the court. "Findings of Fact and Conclusions of Law need not be in any particular form other than that they must be in writing, Rule 296, and be 'filed with the Clerk and shall be part of

---

[49] *Id.*

[50] CR 200.

the record.'"[51]  Further, "[i]t is not required to make findings on evidentiary matters as distinguished from controlling matters or on every controverted fact or on findings that are in conflict with its original findings."[52]  A court is not compelled to make findings in the specific form requested, but, rather, is authorized to make its own findings prepared in its own way.[53]  Rather than being a point of error for the party seeking to force a court to accept their rendition of the facts, some courts have found that the refusal to make a particular tendered finding is tantamount to a finding contrary to the request.[54]

The Trial Court made clear in both its initial findings of fact and in its additional findings of fact that the dismissal was the result of the Plaintiff's continuing to ignore the Trial Court's Order, making it necessary under TEX. R. CIV. P. 215 to dismiss the case.[55]

## CONCLUSION

The Trial Court provided the Plaintiff with ample opportunity to comply with the Court's production order so as to meet the requirements of the Rules and the Insurance Code and proceed to trial.  Plaintiff failed to avail herself of

---

[51] *Villa Nova Resort, Inc. v. State*, 711 S.W.2d 120, 124 (Tex. App.—Corpus Christi 1986, no writ).

[52] *Wade v. Taylor*, 228 S.W.2d 922, 925 (Tex. Civ. App.—Amarillo 1949, no writ).

[53] *Donalson v. Horton*, 256 S.W.2d 693, 697 (Tex. Civ. App.—Amarillo 1952, writ ref'd n.r.e.).

[54] *Thompson v. Lee Roy Crawford Produce Co.*, 233 S.W.2d 295, 297 (Tex. 1950).

[55] CR 206.

numerous opportunities over the course of two years to avoid dismissal. As Plaintiff has failed to meet the minimum standard for reversal of the Trial Court's dismissal, this Court of Appeals should affirm the Judgment.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Tiffany Polley prays that this Court affirm the judgment of Tom Green County Court at Law No. 2 in dismissing the claims and causes of action of Crystal Bingham Hernandez, and for all other and further relief, both at law and in equity, to which Defendant is due and owing.

Respectfully submitted,

**THE WILLIS LAW GROUP, PLLC**

___*/s/ Lorin M. Subar*_____
**KIRK D. WILLIS**
State Bar No. 21648500
**JOSEPH M. GREGORY, III**
State Bar No. 08436525
**LORIN M. SUBAR**
State Bar No. 19456800
10440 N. Central Expy Ste 520
Dallas, Texas 75231
Telephone: (214) 736-9433
Facsimile: (214) 736-9994

**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all parties or their counsel of record on this 18th day November, 2015 in accordance with the Texas Rules of Appellate Procedure.

*Via Facsimile – 325-658-8000*
Rick DeHoyos
Law Offices of Rick DeHoyos, PLLC
502 S. Irving
San Angelo, Texas 76903

*/s/ Lorin M. Subar*
**LORIN M. SUBAR**


## CERTIFICATE OF COMPLIANCE

Should the same be necessary, Appellee would show the Court that the total number of words in the body of this Brief (pages 1 through 25 exclusive of footnotes) is 4,172 words.

*/s/Lorin M. Subar*
Lorin M. Subar